OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

## NOVEMBER TERM, 1853, AT MOUNT VERNON.

EBENEZER Z. RYAN, survivor of Albert G. Caldwell and Ebenezer Z. Ryan, Assignees of the Bank of Illinois, who sues for the use of William Thomas, Trustee of said bank, Plaintiff in Error, v. JOHN T. JONES, Executor of Michael Jones, and Devisee of the said Michael Jones, Defendant in Error.

ERROR TO GALLATIN.

The creditor of a deceased person may reach the lands of decedent in the hands of the heir or devisee, where the personal estate is not sufficient for the payment of the debts.

Real estate aliened *bonâ fide* by heirs or devisees, before action brought, is not subject to sale for the debts of the ancestor or devisor, but the heir or devisee is personally liable for the value of the lands.

Every devise of real estate is fraudulent and void as against existing creditors of the devisor.

Creditors may enforce the liability of heirs and devisees, by a joint action against the legal and personal representatives of a deceased person. He may sue the personal representative and the heirs or devisees jointly, or he may sue them all jointly.

The personal representative should be joined in the action, except where a judgment has been obtained against him, and there are no assets in his hands; and where the estate was not administered on within one year from the death of the testator or intestate.

VOL. XV.                              1

Ryan *v.* Jones.

The personal estate of a decedent is primarily liable for the payment of the debts, and must be exhausted before resort can be had to the real estate.

Demands against an estate must be exhibited within two years from the grant of administration; and a creditor free from disability, who fails to present his claim within that time, must satisfy his debt out of other property than that previously inventoried or accounted for.

In joint actions under the statute, the executor or administrator may insist upon the limitation of two years; but heirs and devisees can only insist upon the general statute of limitations.

If the heir or devisee shall plead *rien par descent*, and the issue be found for him, the plaintiff may take judgment of assets *quando acciderint*, and have a *scire facias* thereon, if assets are afterwards received.

In cases where the heir or devisee confesses the action, without confessing assets, or upon demurrer, &c., the judgment is general against the heir or devisee; but if he acknowledge the action and show the assets, the judgment will be special to the extent of the assets.

Where the limitation of two years is unsuccessfully interposed, the judgment should be for payment in the due course of administration.

A judgment against the heirs or devisees, should not be enforced, until the assets in the hands of the executor or administrator are found to be insufficient; and then only for the deficit.

Where a separate action is brought against heirs or devisees under the statute, the facts authorizing it must be set forth in the declaration.

THIS cause was heard by MARSHALL, Judge, at July term, 1853, of the Gallatin Circuit Court.

W. THOMAS, for plaintiff in error.

R. F. WINGATE, for defendant in error.

TREAT, C. J. This was an action of debt brought by Ryan against John T. Jones, as executor and devisee of Michael Jones. The declaration averred that the defendant was the executor of Michael Jones, and the devisee of certain real estate fraudulently devised to him by Michael Jones; and alleged the making of certain promissory notes by Michael Jones to the Bank of Illinois, and the assignment thereof to the plaintiff; and assigned for breach that the same were not paid by Michael Jones in his lifetime, nor by the defendant since his decease. The court held that the action could not be maintained against the defendant in his character of executor and devisee; and sustained a demurrer to the declaration.

The case calls for a construction of some of the provisions of the 44th chapter of the Revised Statutes. The 8th section provides that "When any land, tenements, or hereditaments, or any rents or profits out of the same, shall descend to any heir or or heirs, or be devised to any devisee or devisees, and the personal estate of the ancestor of such heir or heirs, or devisor of

Ryan *v.* Jones.

such devisee or devisees, shall be insufficient to discharge the just demands against such ancestor, or devisor's estate, such heir or heirs, devisee or devisees, shall be liable to the creditor of their ancestor or devisor, to the full amount of the lands, tenements, or hereditaments, or rents and profits out of the same as may descend, or be devised to the said heir or heirs, devisee or devisees." It further provides, that real estate *bonâ fide* aliened by heirs or devisees before action brought, shall not be subject to sale on judgment rendered against them for the debts of the ancestor or devisor; but in such case the heirs or devisees shall be personally liable for the value of the lands so descended or devised. The 5th section reads thus: "All wills and testaments, limitations, dispositions, or appointments of or concerning any lands and tenements, or of any rent, profit, term, or charge, out of the same, whereof any person or persons at the time of his, her, or their decease, shall be seized in fee-simple, in possession, in reversion, or remainder, or have power to dispose of the same by his, her, or their last will and testament, shall be deemed and taken (only as against the person or persons, his, her, or their heirs, successors, executors, administrators, or assigns, and every of them, whose debts, suits, demands, estates, and interests, by such will, testament, limitation, disposition, or appointment as aforesaid, shall or might be in anywise disturbed, hindered, delayed, or defrauded) to be fraudulent, void, and of none effect, any pretence, color, feigned or presumed consideration, or any other matter or thing to the contrary notwithstanding." At the common law, a devisee was not liable for the debts of the testator even in respect of lands devised. Nor was an heir liable for the debts of the ancestor, in respect of lands descended, except in particular cases ; such as debts due on specialities, in which the ancestor expressly bound the heir; and on judgments recovered against the ancestor, and recognizances acknowledged by him. And where the heir aliened the lands before suit brought, the creditor was without remedy against him. 2 Williams on Executors, 1201 ; Browne on Actions at Law, 253 ; 1 Cruise's Digest, 67. The statute in question was passed to obviate these inconveniences, and enable the creditor of a deceased person to reach the lands in the hands of the heir or devisee, where the personal estate is not sufficient for the payment of the debts. Every devise of real estate is made fraudulent and void, as against the existing creditors of the devisor. It is fraudulent in law, without regard to the question of intention. The devisee has no just claim to the lands, until the debts of the testator are fully discharged.

Nor has the heir any superior right to the lands of his ancestor. They both acquire the lands subject to the payment of the debts of the former owner. They are only entitled to the surplus that may remain after those debts are discharged. If the creditor cannot obtain satisfaction of his debt from the personal estate, he may resort to the real estate in the hands of the heirs or devisees ; and in the case of a *bonâ fide* alienation of the same before suit brought, he may charge them personally with its value.

The 6th section is as follows : "Any person or persons, his, her, or their heirs, devisees, executors, administrators, successors, or assigns, and every of them, who shall or may have any debts, suits, or demands, against any person or persons who shall make any fraudulent devise as aforesaid, or who have debts, suits, or demands against any person or persons who shall die intestate, and leave real estate to his, her, or their heirs, to descend according to the laws of this State, shall, and may have and maintain the same action or actions, which lie against executors and administrators, upon his or their bonds, specialities, contracts, agreements, and undertakings, against the executors or administrators, and the heir or heirs, or against the executors or administrators, and the devisee or devisees, or may join the executors or administrators, the heir or heirs, and the devisee or devisees, of such obligor or obligors, undertaker or undertakers as aforesaid, and shall not be delayed for the nonage of any of the parties." This section prescribes the mode in which the liability of heirs and devisees shall be enforced. It authorizes the creditor to maintain a joint action against the legal and personal representative of a deceased person. 1. He may sue the personal representative and the heirs jointly. 2. He may sue the personal representative and the devisees jointly. 3. He may sue the personal representative and the heirs and devisees jointly. The personal representative must be joined in the action, as the personal estate is the primary fund for the payment of debts. There are two cases in which he need not be joined. The 10th section authorizes a separate action against the heirs or devisees, where a judgment has been obtained against the personal representative, and there are no assets in his hands for its payment. And the 11th section gives a separate action against the heirs or devisees, where the estate is not administered on within one year from the death of the testator or intestate. These are the only cases in which the statute authorizes an action to be maintained against the heirs or devisees, without joining the execu-

tor or administrator. It may be that a separate action will still lie against heirs in cases where they were suable at common law.

This statute must be construed with reference to the provisions of the 109th chapter of the Revised Statutes. That chapter makes the personal estate primarily liable for the payment of the debts. It must be exhausted before resort can be had to the real estate. Demands against the estate of a deceased person must be exhibited within two years from the grant of administration. A creditor, free from disability, who fails to present his claim within that time, is not allowed to participate in the proceeds of the personal estate previously inventoried or accounted for by the executor or administrator. He must satisfy his debt out of property subsequently discovered or inventoried. In joint actions under the statute, the executor or administrator may insist upon this limitation of two years; and if he does so successfully, the plaintiff must take judgment against him to be satisfied out of newly discovered estate. But heirs and devisees cannot rely upon this limitation. They may insist upon the general statute of limitations; and, if successful, may wholly defeat a recovery against them.

The 9th section of the chapter first referred to, provides that heirs and devisees may plead *riens par descent* at the commencement of the action, and that the plaintiff may reply that they had real estate by descent or devise when the suit was brought; and that if the issue be found for the plaintiff, the jury shall assess the value of the lands so descended or devised, and the plaintiff shall have judgment against the defendants accordingly. In such cases, if the assessment is equal in amount to the plaintiff's debt, he is entitled to a general judgment against the heirs or devisees; if less, he is entitled to a judgment to the extent of the assessment. But if this issue is found for the heirs or devisees, the plaintiff may, notwithstanding, take judgment of assets *quando acciderint;* and he may have a *scire facias* thereon, if assets afterwards come to the hands of the heirs or devisees. Shipley's Case, 8 Coke, 134; Noell *v.* Nelson, 2 Saunder's Rep. 214; Dyer, 273, pl. 14; Noell *v.* Nelson, 1 Ventris, 94.

The same section further provides, that "if judgment shall be given against such heir or heirs, devisee or devisees, by confessing the action without confessing the assets descended or devised, or upon demurrer or *nihil dicit,* or default, said judgment shall be given for the plaintiff, without any writ to inquire of the lands, tenements, or hereditaments, or rents and profits out of the same, so descended or devised." In these

1 *

cases, the judgment is general against the heirs or devisees as for their own debt, without reference to assets. But if the heirs or devisees acknowledge the action, and show the assets descended or devised to them, the judgment will be special to the extent of those assets only. So, if the heirs or devisees plead any other plea than those enumerated in this section, and the issue thereon be found against them, they are only to be charged to the extent of the value of the estate descended or devised.

Where the two years' limitation is not successfully interposed by the executor or administrator, the judgment against him is for the amount of the plaintiff's debt, to be paid in the due course of administration. As the assets in the hands of the executor or administrator constitute the regular fund for the payment of the debts, and as the plaintiff may obtain satisfaction therefrom in whole or in part, the judgment against the heirs or devisees ought not to be enforced until those assets are found to be insufficient, and then only to the extent of the deficit. The proper form of the judgment is, that the plaintiff recover his debt from the defendants, to be levied of the assets of the testator or intestate in the hands of the executor or administrator; and in the event those assets are not sufficient for the payment of the judgment, that the same, or the residue thereof, be levied of the real and personal estate of the heirs or devisees. This qualification will be unnecessary in the case of a judgment against the executor or administrator of assets *quando acciderint.* Such a judgment does not imply assets for the satisfaction of the debt. The presumption at the end of two years from the grant of administration is, that the personal estate has been fully inventoried or accounted for by the executor or administrator.

In this case, the court erred in sustaining the demurrer to the declaration. The action was properly brought against the executor and devisee. The defendant might well combine both of these characters. Where a separate action is brought against heirs or devisees under the statute, the facts authorizing it to be so brought, must be distinctly set forth in the declaration. R. S. ch. 44, s. 12. But in other cases, it is sufficient to charge the defendants as heirs or devisees generally, without showing how they became such, or that they have estate by descent or devise. 2 Chitty's Pl. 468, and notes; 2 Saunders' Rep. 7, note 4; Browne on Actions at Law, 255; Morgan's Ex'rs *v.* Morgan, 2 Bibb, 388.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*