| 82 | 91 |
|----|-----|
| 123 | 251 |

| 82 | 91 |
|-----|------|
| 108a | 2163 |

## ELIZA BRANGER *et al.*

*v.*

## EDWARD LUCY.

1. HEIRS—*when personal judgment against, is erroneous.* Where heirs at law are sued for a debt of their ancestor, who have not sold or aliened any part of the land cast upon them by descent, or received any rents and profits therefrom, or anything from the personal estate, it is erroneous to render a personal judgment against them. No other judgment can be rendered in such a case than one to be satisfied out of the real estate which descended to them.

2. SAME—*extent of liability for ancestor's debts.* The liability of heirs for their ancestor's debts is only to the extent of what descends to them from such ancestor.

3. WITNESS—*party in suit against heirs.* In a suit against the administrator and heirs of a deceased person, for a debt owing by the deceased, or a liability incurred by him in his lifetime, the plaintiff is not a competent witness to testify, except as to facts occurring after the death of such deceased.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellants.

Messrs. G. B. & F. W. BURNETT, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by one surety upon a guardian's bond, against the administrator and heirs at law of a deceased co-surety, for contribution. The declaration sets out that, on the 19th day of April, 1869, the guardian's bond was entered into by Elias Morgan, the guardian and principal, together with the plaintiff and Christian Branger, as his sureties; that, on April 20, 1870, the said Christian Branger departed this life, leaving the defendants Eliza Branger, Wilhelmina Branger, Emma Branger, Josephine Branger, Matilda Branger, Ida Branger and Ellen Branger, his children and heirs at law, to whom the real estate which said Christian Branger had at the time of his death, descended, and that the defendant Martin Branger was his administrator; that, at the October term, 1864, the wards of the guardian, in a suit brought by them against Morgan and plaintiff upon the guardian's bond for a breach of condition, recovered a judgment against this plaintiff (Morgan not having been served with process) for $748.50, which judgment he had been compelled to pay, and claims to recover one-half thereof from the defendants.

A personal judgment, in ordinary form, for $385, was rendered against all the defendants except Martin Branger, the administrator, and Wilhelmina and Josephine Branger, who were not served with process. The defendants appealed.

The points made for the reversal of the judgment are upon the form in which it was rendered, and the admission of the plaintiff as a witness.

It appears, from the evidence, that the real estate which Christian Branger died seized of was 120 acres of land in a body, his homestead, upon which he resided with his family at the time of his death; that he left a widow and minor children, some of the children being still minors; that the widow had ever continued to live upon the place, and that the chil-

dren had never received any benefit from the land. It also appeared there were yet some $1600 of debts against the estate.

As the heirs had not sold or aliened any part of the land, nor received any rents or profits therefrom, it was erroneous to render a personal judgment against the heirs. No other judgment should have been rendered against them than one to be satisfied only out of the real estate which descended from their ancestor, Christian Branger. The liability of heirs for their ancestor's debts being only in respect of what has descended to them from such ancestor, the judgment against them should extend no further than that.

As the defendants were sued as the heirs and administrator of a deceased person, the plaintiff was, under the statute, improperly admitted to testify, except as to facts occurring after the death of the decedent.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*