## CATHARINE HOFFMAN et al.

### v.

## PETER WILDING.

1. HEIRS—*whether they may be sued alone for ancestor's debt.* A creditor can not maintain an action against heirs, on a debt of their deceased ancestor, without also joining the personal representative of the deceased as a co-defendant, except in two cases—first, where a judgment has already been obtained against him, and there are no assets in his hands for its payment, and second, where the estate has not been administered on within one year from the death of the ancestor.

2. The personal estate of a deceased person is the primary fund for the payment of his debts, and a resort to the realty can not be had until the personal estate is exhausted. Therefore, a creditor, before suing the heirs, should sue the personal representative, even though the personal assets are insufficient to pay all the debts, or in case the personal estate is not sufficient, he may sue the administrator and the heirs of the deceased jointly, and then the assets in the hands of the administrator are first to be applied in payment of the judgment.

3. In an action by a creditor, against the heirs of a deceased person, on a note due from their ancestor, the declaration, after showing the indebtedness, alleged, in substance, that the deceased left real and personal property to the value of $20,000; that the personal property was insufficient to pay his debts; that the real estate had been sold and converted into money, by the heirs, before the commencement of this suit; that the note remains unpaid, and that the defendants are the heirs, and inherited the estate of said deceased: *Held*, that the declaration failed to show sufficient grounds for omitting to join the personal representative as co-defendant with the heirs.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the appellants.

Messrs. KASE & HINCHCLIFFE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the circuit court of St. Clair county, against appellants, as heirs at law of Paul Nenninger, deceased, to recover the amount of a promissory note given by the deceased, in his lifetime, (February 26, 1866,) to appellee, for $645.65, payable in one year from the date thereof, with interest at the rate of ten per cent.

The declaration alleges that Paul Nenninger, in his lifetime, executed the note sued on; that he left real and personal property of the value of $20,000; that the personal property was insufficient to pay and satisfy his debts; that the real estate had been sold and converted into money, by the heirs, before the commencement of this suit; that the note remains unpaid, and that appellants and the other parties impleaded with them are the heirs, and inherited the estate of Paul Nenninger,

deceased. These are substantially the allegations in the declaration.

The appellants interposed a general demurrer to the declaration, which the court overruled. Appellants elected to abide by the demurrer, and the court rendered judgment against them for the amount of the note and interest.

It will be observed that the declaration does not allege that the estate of the deceased was not administered upon within one year after the death of Paul Nenninger; nor does it aver that a judgment was obtained against the administrator of the estate. As the administrator was not joined in this action with the heirs, it is contended the declaration is defective in not containing one of the two averments, and the action can not be maintained.

At the common law, an heir was not liable for the debts of the ancestor, in respect of lands descended, except in particular cases, such as debts due on specialties, in which the ancestor expressly bound the heir, and on judgments recovered against the ancestor and recognizances acknowledged by him; and where the heir aliened the lands before suit brought, the creditor was without remedy against him. *Ryan* v. *Jones*, 15 Ill. 1; Bacon's Abridgment, (vol. 4) 616.

As the debt upon which this action was brought does not fall within any of the specified cases in which, at common law, the heir would be liable, if the action can be maintained, it must be under the provisions of our statute.

Section 12, chapter 59, Statutes of 1874, p. 542, fixes the liability of the heir or devisee in certain cases. It declares, when any lands or hereditaments, or any rents or profits out of the same, shall descend to any heir, or be devised to any devisee, and the personal estate of the ancestor of such heir, or devisor of such devisee, shall be insufficient to discharge the just demands against such ancestor or devisor's estate, such heir or devisee shall be liable to the creditor of their ancestor or devisor, to the full amount of the lands, or rents and profits out of same, as may descend or be devised to said heir or devisee.

Section 11 of the same chapter provides the mode in which the creditor may obtain a remedy. · This section is, in substance, like section 6, chapter 44, Revised Statutes of 1845, which was passed upon by this court in *Ryan* v. *Jones, supra.* It was there held, that the creditor might, first, sue the personal representatives and heirs jointly; second, he may sue the personal representatives and devisees jointly; third, he may sue the personal representatives and heirs and devisees jointly. The personal representative must be joined in the action, as the personal estate is the primary fund for the payment of the debts. It was further held by the court, that there were but two cases in which the personal representative need not be joined—one, where a judgment had been obtained against the personal representative, and there were no assets in his hands for its payment as provided by section 14 of chapter 44, *supra*, and the other, where the estate was not administered on within one year from the death of the testator or intestate, as provided in section 15 of the same statute. It was expressly held, that these two were the only cases in which the statute authorized an action to be maintained against the heir or devisee, without joining the executor or administrator. Under the construction of the statute in *Ryan* v. *Jones*, it seems clear that the declaration was insufficient; but appellee claims that the averment in the declaration, that the personal property of the deceased was insufficient to pay his debts, obviates the necessity of joining the administrator. We do not, however, understand the averment meets the spirit or substantial requirements of the statute. The personal estate is regarded as the primary fund for the payment of debts of a deceased person. Resort can not be had to real estate until the personal estate has been exhausted. The averment of the declaration may be true, and yet there may have been personal estate enough to pay one-half or three-fourths of appellee's claim. If such was the case, and an administrator was appointed, it was his duty to present his claim for allowance, and to share ratably with other creditors in the assets of the estate. But suppose an administrator was, in fact, appointed

within one year from the death of the deceased, and suppose appellee' neglected and failed to exhibit his claim for allowance within two years from the grant of letters of administration. If such was the case, and the administrator had been joined in this action as a defendant, as the statute requires, it is obvious the administrator might have successfully pleaded the two years statute of limitations in bar of the action; but if this could not have been done, for aught that appears, there may yet remain assets—proceeds of the personal estate—in the hands of the administrator which might have been reached in satisfaction, in whole or in part, of a judgment, had the administrator been joined in the action, and a judgment rendered against him; but it is unnecessary to add illustrations showing the necessity for joining the administrator, if one was appointed within one year from the death of the deceased. The plain demands of the statute required it, and, as the averments of the declaration do not contain a state of facts which would authorize the action without the administrator had been joined, we perceive no ground upon which the declaration can be sustained.

The judgment will therefore be reversed and the cause remanded.

*Judgment reversed.*