## Truett Sons & Morgan

### v.

### Belle D. Cummons et al.

1. Executor de son tort.—Where one not the executor or administrator of a deceased person, assumes to act as such, or appropriates the goods to his own use, he renders himself liable as executor *de son tort*. The fact that he was a legatee under the will can make no difference.

2. Heir may be sued for debt of ancestor.—There having been no administration on the estate within a year after probate of the will, the heir is liable for the debts of his ancestor, as executor *de son tort* to the extent of the personal property received, and also in respect of lands descended to him where there are no personal assets. The personal estate of the deceased is the primary fund from which to pay the debts against the estate.

Appeal from the Circuit Court of Pope county; the Hon. D. M. Browning, Judge, presiding. Opinion filed April 2, 1880.

Mr. J. F. McCARTNEY, for appellants; cited Ryan v. Jones, 15 Ill. 1; Hoffman v. Wilding, 85 Ill. 456; Rev. Stat. 1874, 542.

WALL, J.   The appellants brought suit against the appellees before a justice of the peace, and the case was taken by appeal to the Circuit Court, where on a trial by the court without a jury, the issues were found for appellees, and judgment was rendered against the appellants for costs.   The cause of action was a promissory note for $71.25, executed by W. J. Robertson, since deceased to the plaintiffs.   Robertson, by his last will and testament, left all his property, both real and personal, to the appellees, who were his widow and daughter.   They came into the possession of the property so left to them.   This property was more than sufficient to pay this debt; and though the value of each kind of estate does not appear in the record, there is such a description of the real property as to make it quite certain it alone was of greater amount in value than the debt.   The will was probated, but no executor or administrator was ever appointed, although more than one year elasped after the probate before suit brought.   The appellees had appropriated the property, both real and personal, to their own use, and were enjoying the same.   We think the appellees may be held, both in respect of the personal and the real estate which they have received.   Where one, not the executor or administrator, intermeddles with the personal property of a deceased person, and assumes to act as executor, or appropriates the goods to his own use, he renders himself liable as executor *de son tort.*   Blackstone, book 2, page 507; Williams on Ex's Nal. 1,  p  210; Brown v. Durbin, 5 J. J. Marsh, 170; Mitchell v. Lunt, 4 Mass. 654; Hawkins v. Johnson, 4 Blackford, 21; Wilson v. Davis, 37 Ind. 141; Wilbourne v. Wilbourne, 48 Miss. 38.   The fact that he is a legatee can make no difference.   Like a lawfully-appointed executor, he will be responsible for the goods which he may receive and no more.   Ch. 3, Sec. 125, R. S.

At the common law the heir was not liable for the debts of the ancestor, except in particular cases, such as debts due on

Truett Sons & Morgan v. Cummons.

specialties where the heir was expressly bound, and on judgments recovered against the ancestor, and recognizances acknowledged by him; and where the heir had sold the land before suit brought, the creditor was without remedy. But our statute in relation to frauds and perjuries (Chapter 59, R. S.), provides a mode of reaching the real estate and the rents, issues and profits of the same descended to heirs and devisees when the personal estate of the ancestor is not sufficient to discharge his just debts, and in such case the heirs and devisees are made liable to the creditor to the full amount of the lands, rents and profits so descended.

This remedy may be enforced by suit against the personal representatives and heirs jointly, or the personal representatives and devisees jointly, or the personal representatives, heirs and devisees jointly. The personal representatives must be joined in these actions, because the personal estate is the primary fund for the payment of debts, and may be omitted only where there has already been a judgment obtained against him, and there are no assets in his hands for its payment; and where the estate has not been administered upon within one year after the death of the testator, or is intestate. The personal estate is the primary fund for the payment of debts, and it is only in the event that such estate is insufficient, that the heir is liable in respect of lands descended. When, however, there has been a judgment against the personal representative, and there are no assets, there is no occasion to join him in the action, and he may be omitted. See Sec. 14, Chap. 59. So, also, where no person shall administer within one year, an action may be maintained against the heirs and devisees. Sec. 15; Ryan v. Jones, 15 Ill. 1; Hoffman v. Wilding, 85 Ill. 456. In this case there is a state of facts which will warrant a suit against these parties in respect of the goods received, whereby they have become executors *de son tort*. Having received lands by descent from the deceased, and no administration having been had within a year, they may be charged also to the extent of the value of the lands so received. Were they executors *de jure*, and appointed within one year, it would be necessary that the judgment should be discharged in the first in-

stance out of the personalty; but as they are only executors *de son tort,* and as they cannot take advantage of their own wrong, it is optional with the plaintiffs whether to charge them in that capacity or not. If, however, the creditor elects to pursue them in both capacities, the usual order of appropriation must be observed, so that the personal estate shall be first exhausted. As to the form of judgment in such cases, see Ryan v. Jones, *supra.* Judgment reversed and cause remanded.

Reversed and remanded.