(No. 18434.—Judgment affirmed.)
C. W. DURFLINGER, Defendant in Error, *vs.* MARY E. ARNOLD *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928.*

1. ADMINISTRATION—*purpose of provision requiring claims to be filed within a year—limitations.* The provision of the Administration act that all demands not exhibited within one year shall be barred unless other assets of the estate are discovered is not a general statute of limitations, but it is a specific provision adopted for the particular purpose of facilitating the early settlement of estates. (*Ryan* v. *Jones,* 15 Ill. 1, followed.)

2. DEBTOR AND CREDITOR—*when note of deceased debtor may be collected from his devisees under Statute of Frauds though not filed as a claim.* The amount due on a note of a deceased debtor may be collected from his devisees under sections 10, 11 and 12 of the Statute of Frauds where the administrator is made a defendant and the judgment finds there are no personal assets in his hands with which to pay the claim, as the statute makes the devisee liable in such case to the extent of his interest as devisee, even though he has sold the land devised and even though the creditor did not file a claim against the estate within the time required by the Administration act; and only the general Statute of Limitations will bar the claim against the devisee. (*Beebe* v. *Kirkpatrick,* 321 Ill. 612, distinguished.)

3. SAME—*Statute of Frauds makes all devises fraudulent as to devisor's existing creditors.* The effect of sections 10, 11 and 12 of the Statute of Frauds is to make every devise of real estate fraudulent in law as to existing creditors of the devisor, without regard to the question of intention, if there are not sufficient personal assets to pay the devisor's debts.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

OGLEVEE & FRANKLIN, and STONE & TAYLOR, for plaintiffs in error.

ADLAI H. RUST, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This court granted a writ of *certiorari* to bring up for review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Mc-Lean county in favor of defendant in error against plaintiffs in error for $2468.60. The action was based on the Statute of Frauds and Perjuries. (Cahill's Stat. 1925, chap. 59.) Pleadings were waived and the cause was submitted to the court without a jury, upon an agreed statement of facts set forth in a stipulation filed. The stipulation provided plaintiff in the court below might insist upon any judgment being rendered for him that would be proper under the statement of facts under any pleadings he might have filed, and that defendants might insist upon any defense or denial of liability based upon said facts to the same extent as if the defenses had been presented by proper pleadings.

Defendant in error was a creditor of Joseph Arnold by virtue of a $2000 note dated March 1, 1920, due one year after date, with interest at seven per cent per annum from date. Arnold died January 17, 1922, without having paid the note. He left a will, which was admitted to probate in the county court February 8, 1922. The will provided for the payment of the testator's debts, and devised the use, benefit and income of all the testator's property to his wife, Mary E. Arnold, for life, and further provided: "Subject to the above provision in favor of my wife, I give, devise and bequeath all my said estate and property to my five children," naming them. Mrs. Arnold was named as executrix in the will but did not qualify. C. S. Arnold was appointed administrator with the will annexed, February 8, 1922. A day was fixed for the adjustment of claims at the April term, 1922, and notice given thereof. It was stipulated that Joseph Arnold's personal property consisted of cash in the bank $161.34, and other personal prop-

erty of the value of $2501.10, all of which was by the ad-
ministrator, under the directions of the testator's children,
the legatees and devisees, delivered to the widow as and for
her award. The testator died seized of 320 acres of land
in McLean county, Illinois, of the value of $200 per acre,
which was encumbered at the date of his death by mort-
gages amounting to $20,000. Between February 8, 1922,
and February 26, 1923, the administrator with the will an-
nexed collected from the rents of the land and from money
advanced by the heirs and devisees of Arnold, $48,138.17,
all of which was used by the administrator to pay claims
filed against the estate of the testator and to discharge
the mortgages against the real estate. February 27, 1923,
the administrator filed his final report in the probate court,
showing the receipt of the personal property above men-
tioned, the transfer of the property to the widow as her
award, and the disbursement of all sums received from
rents and advancements in payment of the claims, mort-
gages, taxes and liens upon the land, and on said date the
county court entered an order approving the final report
and discharging the administrator with the will annexed.
Defendant in error did not at any time file a claim against
the estate of Arnold. Claims were filed and allowed against
the estate in the sum of $20,945.03. After the adminis-
trator's final report no assets of any nature came into his
hands as administrator. On the 19th day of January, 1926,
the administrator died, and in June, 1926, Maurice B. Stern
was appointed administrator *de bonis non* with the will an-
nexed of the estate of Arnold, and no assets of any kind
came into his hands. Nothing was paid to defendant in
error on his note. The widow of the testator died in No-
vember, 1925, and no administration was had upon her es-
tate. Her personal property, amounting to $2500, was dis-
tributed among the children without administration, upon
an agreement between them to each pay one-fifth of any
indebtedness she had and one-fifth of any judgment that

might be rendered against her in this case. It was stipulated that no contention is made against the defendant in error because of the fact that no administration was had upon the estate of the widow, and that her children would be liable for any part of any judgment which might be rendered against Mrs. Arnold if she were still living. The widow went into possession of the real estate devised her for life, and at her death the five children of Arnold mentioned in his will as devisees of the land went into possession of the real estate and received the rents and profits therefrom until March 1, 1926, when they sold the land at a price greater than its value at the time of the death of Arnold. The administrator with the will annexed filed an inventory in the county court, in which he inventoried the 320 acres of land and all the personal property of the testator. Defendant in error was a resident of McLean county and resided near the home of Arnold and was of age and under no legal disability. Upon the suggestion of the death of Mrs. Arnold, who was made defendant in the suit, an order was entered that the suit abate as to her. The death of C. S. Arnold, administrator with the will annexed, was suggested on the record, and Maurice B. Stern, administrator *de bonis non,* was substituted as one of the defendants.

Section 10 of the Statute of Frauds and Perjuries (Cahill's Stat. 1925, p. 1291,) makes all devises fraudulent as against creditors whose debts might thereby be hindered or delayed. Section 11 is as follows: "Any person, his heirs, devisees, executors, administrators, successors or assigns, and every of them, who shall or may have any debts, suits or demands against any person, who shall make any fraudulent devise as aforesaid, or who have any debts, suits or demands against any person who shall die intestate, and have real estate to his heirs, to descend according to the laws of this State, may have and maintain the same actions which lie against executors and administrators upon his bonds, specialties, contracts and agreements against the ex-

ecutors or administrators and the heirs, or against the executors or administrators and the devisees, or may join the executors or administrators, the heir or heirs, and the devisees of such obligor, and shall not be delayed for the nonage of any of the parties." Section 12 is in part as follows: "When any lands * * * shall * * * be devised to any devisee, and the personal estate of the * * * devisor of such devisee shall be insufficient to discharge the just demands against such * * * devisor's estate, such * * * devisee shall be liable to the creditor of their * * * devisor to the full amount of the lands * * * as may * * *· be devised to the said * *. * devisee." Other sections of the chapter relate to practice and procedure.

The statute quoted was before this court in *Ryan* v. *Jones*, 15 Ill. 1. In that case the court said: "At the common law a devisee was not liable for the debts of the testator even in respect of lands devised. Nor was an heir liable for the debts of the ancestor, in respect of lands descended, except in particular cases, such as debts due on specialties, in which the ancestor expressly bound the heir, and on judgments recovered against the ancestor, and recognizances acknowledged by him. And where the heir aliened the lands before suit brought the creditor was without remedy against him. (2 Williams on Executors, 1201; Browne on Actions at Law, 253; 1 Cruise's Digest, 67.) The statute in question was passed to obviate these inconveniences and enable the creditor of a deceased person to reach the lands in the hands of the heir or devisee where the personal estate is not sufficient for the payment of the debts. Every devise of real estate is made fraudulent and void as against the existing creditors of the devisor. It is fraudulent in law without regard to the question of intention. The devisee has no just claim to the lands until the debts of the testator are fully discharged, nor has the heir any superior right to the lands of his ancestor. They both acquire the lands subject to the payment of the debts of

329—7

the former owner. They are only entitled to the surplus that may remain after those debts are discharged. If the creditor cannot obtain satisfaction of his debt from the personal estate he may resort to the real estate in the hands of the heirs or devisees, and in the case of a *bona fide* alienation of the same before suit brought he may charge them personally with its value." The same statute has been before this court since that case in *Hoffman* v. *Wilding,* 85 Ill. 453, *Guy* v. *Gericks,* 85 id. 428, *Campbell* v. *Potter,* 147 id. 576, *People* v. *Brooks,* 123 id. 246, *McLean* v. *McBean,* 74 id. 134, *Branger* v. *Lucy,* 82 id. 91, *Monroe* v. *Becker,* 283 id. 42, *Mackin* v. *Haven,* 187 id. 480, and other cases, all of which recognize and follow the law as announced in *Ryan* v. *Jones, supra.*

Plaintiffs in error contend that as defendant in error did not exhibit his claim or demand to the court, as required by section 70 of the Administration act, (Cahill's Stat. 1925, p. 60,) he is barred from maintaining any action upon it. Paragraph 6 of said section provides in part: "and all demands not exhibited within one year as aforesaid shall be forever barred unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate." The statute fixing the time for filing claims against an estate is not a general statute of limitations, but is a specific act adopted for the particular purpose of facilitating the early settlement of estates. (*Waughop* v. *Bartlett,* 165 Ill. 124.) In *Union Trust Co.* v. *Shoemaker,* 258 Ill. 564, discussing the limitation established by section 70 of the Administration act for filing claims, the court said: "This limitation, which has been reduced to one year by the amendment of 1903, does not, however, apply to actions against heirs, devisees or legatees to subject property of the estate received by them to the payment of contingent liabilities of the deceased. Such actions, if otherwise main-

tainable, are subject only to the general Statute of Limitations." In *Ryan* v. *Jones, supra,* this court said: "This statute must be construed with reference to the provisions of the 109th chapter of the Revised Statutes. That chapter makes the personal estate primarily liable for the payment of the debts. It must be exhausted before resort can be had to the real estate. Demands against the estate of a deceased person must be exhibited within two years from the grant of administration. A creditor free from disability who fails to present his claim within that time is not allowed to participate in the proceeds of the personal estate previously inventoried or accounted for by the executor or administrator. He must satisfy his debt out of property subsequently discovered or inventoried. In joint actions under the statute the executor or administrator may insist upon this limitation of two years, and if he does so successfully the plaintiff must take judgment against him to be satisfied out of newly discovered estate. But heirs and devisees cannot rely upon this limitation. They may insist upon the general Statute of Limitations, and, if successful, may wholly defeat a recovery against them."

Cases cited and relied on by plaintiffs in error are either not in point on this question or do not sustain the contention of plaintiffs in error. In some of them there was no deficiency of personal estate. In some of them the executor or administrator was not made a party to the suit and there was no attempt to recover under the Statute of Frauds and Perjuries. As illustrative of the cases relied on, *Beebe* v. *Kirkpatrick,* 321 Ill. 612, is cited, where the court said the claim not having been filed within the time prescribed by law, the claimant was barred from pursuing assets, real or personal, in the hands of heirs or devisees or legatees. That the case is not applicable to a suit based on the Statute of Frauds and Perjuries is made plain by the language of the court. The court said: "The bill in this case was not framed upon the theory that there was a deficiency of per-

sonal assets in the estate of Henry S. Dooley to pay the debts of the deceased, as the bill alleges that all of the assets and property of which Dooley died seized had been disposed of and divided between the widow and the plaintiffs in error by the administrator, and that each of the plaintiffs in error had received assets and property of the estate in an amount greatly in excess of the amount due upon the notes in question, and the evidence in the case shows that the widow and plaintiffs in error each received from the personal estate of the deceased, after the payment of all claims which had been allowed against the estate, the sum of $1578.69."

It is stipulated that Arnold did not leave sufficient personal estate to pay his debts. The administrator *de bonis non* was made a defendant to the suit, and the judgment found he had in his hands no assets of the estate, and as to him the judgment was to be paid in due course of administration only out of subsequently discovered assets. As to the devisees of Arnold, the judgment was for $2468.60 and costs, and execution was ordered to issue.

The Appellate Court for the Second District at its April term, 1926, decided the case of *Straus Bros. Co.* v. *Rush,* 241 Ill. App. 216, and in a well considered opinion cited and reviewed a number of decisions of this court in actions brought against heirs or devisees under the Frauds and Perjuries statute. The decision was in entire harmony with the previous decisions of this court, but plaintiffs in error express the belief that that decision and the decision of the Appellate Court in this case were contrary to the accepted understanding of the Administration act by the bar, and express fear that if the decision of the Appellate Court is affirmed in this case it will bring on a flood of litigation on claims supposed to be barred by the statute. We cannot share plaintiffs in error's apprehension in this regard, for *Ryan* v. *Jones* was decided three-quarters of a century ago,

and the law as stated in that case has never been overruled
or modified but has repeatedly been followed.

Under the facts stipulated in this case the judgment
of the circuit court in favor of defendant in error against
plaintiffs in error, as devisees of Joseph Arnold, was cor-
rect, and it was properly affirmed by the Appellate Court.

*Judgment affirmed.*