The First National Bank of Hinckley, Defendant in Error, v. Maxwell Clark, Administrator De Bonis Non with Will Annexed of the Estate of Edward Stahl, Deceased, et al., Plaintiffs in Error.

Gen. No. 8,547.

Opinion filed April 25, 1934. Rehearing denied June 25, 1934.

Thomas M. Cliffe, for plaintiffs in error.

H. E. Mann and Lowell B. Smith, for defendant in error.

Mr. Justice Huffman delivered the opinion of the court.

Defendant in error brought an action of debt against plaintiffs in error, the administrator and devisees of Edward Stahl, deceased. The suit is based upon sections 10, 11 and 12 of the Statute of Frauds and Perjuries, Cahill's St. ch. 59, ¶¶ 10–12. Defendant in error held two promissory notes executed by the deceased, upon which there was a total balance due of $1,399.94. Edward Stahl died testate on December 28, 1928. By his will be devised and bequeathed his estate to his widow Christiana Stahl for her natural life, with remainder in equal portions to his five children, who with said widow are the plaintiffs in error herein. Administration was had upon the estate of the deceased and same was closed on July 28, 1930, without defendant in error filing any claim against said estate upon these notes. Thereafter this suit was brought to recover the aforesaid balance due upon the two notes. There is no dispute regarding the amount due thereon. The declaration alleged, among other things, that the personal assets of said estate were insufficient to pay the notes and interest due, and that by force and effect of the above statute, the plaintiffs in error herein, as the heirs of said deceased and the devisees and legatees under his will, became and were liable to pay to the defendant in error its debts, to the extent of the value of the real estate so devised to them by said deceased under his will.

The court in its judgment found the value of the real estate to be $3,000, and the amount due defendant in error $1,399.94; that the administrator had made his

final report and was duly discharged prior to the beginning of this suit; that he had no assets in his hands belonging to said estate; that there were no undiscovered assets of said estate; and ordered that the defendant in error take nothing as against the said administrator. The court further found that the personal assets of said estate were insufficient to pay the amount due defendant in error upon said notes, and that by force and effect of the statute of this State in such case made and provided, the plaintiffs in error, as heirs of the said deceased and as devisees and legatees under his will, were liable to pay to the defendant in error to the full extent of the value of the real estate so devised and bequeathed to them under said will. It was ordered that the defendant in error should recover from the plaintiffs in error the said sum of $1,399.94, and that it have execution therefor against said real estate.

Plaintiffs in error urge that defendant in error is barred from recovery in this action by force and effect of section 70 of the Administration Act, Cahill's St. ch. 3, ¶ 71. Defendant in error contends that the limitation provision as contained in said section 70 of the Administration Act is not applicable to this case, and that a recovery is authorized under the above sections of ch. 59, known as the Statute of Frauds. The facts do not appear to be in dispute in this case, and the question now before the court is the right of defendant in error to maintain its action.

The limitation provision of the Administration Act as contained in section 70 thereof is operative only as to an executor or administrator. Heirs and devisees cannot rely upon this limitation. *Durflinger v. Arnold,* 329 Ill. 93, 99. One of the early cases where the question involved herein was before the Supreme Court is the case of *Ryan v. Jones,* 15 Ill. 1. It was there held that a creditor of a deceased person could reach the

lands in the hands of the heirs or devisees where the personal estate was not sufficient for the payment of the debts. The same statute has been before the Supreme Court in *Hoffman v. Wilding*, 85 Ill. 453; *Guy v. Gericks*, 85 Ill. 428; *Campbell v. Potter*, 147 Ill. 576; *People v. Brooks*, 123 Ill. 246; *McLean v. McBean*, 74 Ill. 134; *Branger v. Lucy*, 82 Ill. 91; *Monroe v. Becker*, 283 Ill. 42; *Mackin v. Haven*, 187 Ill. 480; and other cases, all of which recognize and follow the law as announced in *Ryan v. Jones, supra.*

The devisees have no just claim to the lands until the debts of the testator are fully discharged, and they acquire same subject to the payment of the debts of such testator. The question involved herein was squarely before the Supreme Court of Illinois in the case of *Durflinger v. Arnold, supra,* and there decided adversely to the contention of plaintiffs in error. The same question was presented in the case of *Straus Bros. Co. v. Rush*, 241 Ill. App. 216, wherein it was held that the limitation provision of section 70 of the Administration Act would not bar recovery under the provisions of the Statute of Frauds, as sought herein. Similar holdings are found in the cases of *Durflinger v. Arnold*, 244 Ill. App. 276; *Dairyman's State Bank of Marengo v. Dunham*, 271 Ill. App. 249, 257.

The judgment of the circuit court in favor of the defendant in error against plaintiffs in error, as devisees of Edward Stahl, was correct, and the judgment is affirmed.

*Judgment affirmed.*