## John W. Harshbarger

### *v.*

## John H. Foreman *et al.*

1. VENDOR'S LIEN—*as against subsequent purchaser.* If a person purchases land with knowledge of the fact that his vendor is still owing a portion of the purchase money thereof, for which he has not given a note or any security, the land will be subjected to the vendor's lien in favor of the first vendor, in the hands of such purchaser with notice.

2. The fact of notice to a subsequent purchaser, to charge land in his hands with a vendor's lien, in favor of a remote vendor, must be satisfactorily established. Loose, vague and uncertain evidence will not be sufficient.

Writ of Error to the Circuit Court of Edgar county; the Hon. Oliver L. Davis, Judge, presiding.

Messrs. Bishop & McKinlay, for the plaintiff in error.

Mr. Joseph E. Dyas, for defendant in error R. B. Sutherland; Messrs. Sellors & Dole, for defendant in error J. H. Foreman; Mr. G. Hunt, for defendant in error Thornton Beatty.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiff in error filed his bill in the Edgar circuit court, against defendants in error, to enforce a vendor's lien on a farm he had previously sold. It appears that he conveyed the land to Foreman and Beatty. The consideration expressed in the deed was $4180; and it appears that the consideration was all paid but $1500, for which he neither took a note or any security. There is no claim that this sum has ever been paid, and the evidence shows that it is still due.

On the 8th of July, 1873, Beatty and Foreman conveyed the land to Sutherland by deed of that date. The bill charges that Sutherland had notice that this amount of purchase money was unpaid when he bought the land. Sutherland, in his answer, denies all notice.

The bill was taken as confessed as to the other defendants, and the case was referred to the master, to hear and report the evidence. On the coming in of his report, a hearing was had on the bill, answer and master's report, and the court found the equities were in favor of defendants, and dismissed the bill. Complainant brings the record to this court on error, and urges a reversal.

The only question we deem it necessary to consider is, whether defendant in error Sutherland had notice that Beatty and Foreman still owed this unpaid purchase money to plaintiff in error, before or at the time he purchased the land. If he had notice, then the land should be subjected to the vendor's lien. Otherwise the court did right in refusing the relief sought, and in dismissing the bill. The fact of notice must, in such cases,

be satisfactorily established. Loose, vague and uncertain evidence can not be held sufficient.

Does the evidence, then, prove that Sutherland had notice? Cummings stated that he heard plaintiff in error ask Sutherland if he did not remember his telling him of the trade with Beatty and Foreman, and that they owed him $1500 of the purchase money. But Sutherland replied, that he did not recollect. The witness was unable to say whether the conversation was before or after Sutherland purchased. This evidence proves nothing as to notice.

Plaintiff in error testified that he had a conversation with Sutherland, he thinks in June, but is unable to fix the precise time, in which he told him he had sold the farm to Beatty and Foreman, and they had agreed to mortgage the farm through Levings, to get the money and pay it to Sutherland; and he replied, that would answer if it was soon done. Now, he nowhere says that he told him that it was for a part of the purchase money that they were to thus raise the money by mortgage. He says that Beatty and Foreman agreed they would so mortgage for $1500, the balance of the purchase money, and pay it to Sutherland on account of plaintiff in error. This falls far short of notice. It simply amounts to this, that plaintiff in error stated to Sutherland that he had sold the farm to Beatty and Foreman, and they were to mortgage it to raise some money and pay it to him. But, even if it was sufficient to put him on inquiry, which is not conceded, Sutherland most emphatically denies having had the conversation.

The witness Shannon testified that he had a conversation with Sutherland about the land, the last of June or the first of July. He says he then told Sutherland that he, witness, and others, had liens on the land, and he wanted him to know it before he made any contracts. Witness says, Sutherland asked whether witness had any mortgage, and he told him it was only verbal. This does not tend to prove notice of the lien of plaintiff in error, or that any portion of the purchase money was unpaid. He simply says that he informed Sutherland that he and others had liens on the land, and his was verbal. He

does not pretend that he informed Sutherland who the others were, the amount or the nature of their claims, or that he said anything that would lead Sutherland to a knowledge of the liens or their nature. Such loose, indefinite and uncertain evidence is certainly insufficient to prove such notice as will charge lands, in the hands of a remote grantee, with a vendor's lien.

Again, Sutherland swears that this conversation with Shannon occurred after the 22d of August, 1873, which is as likely to be true as Shannon's version of the date, as he is quite indefinite as to the time. Sutherland denies, most positively, that he ever had any knowledge from any source, before his purchase, that there was any portion of this purchase money unpaid.

Whether the evidence of the witnesses be considered singly or collectively, we are clearly of opinion that it fails to prove notice to Sutherland, or that he was in anywise informed that this $1500 of purchase money, or any part of it, was unpaid, when he bought the land.

The plaintiff in error has failed to make out his case, and the decree of the court below must be affirmed.

*Decree affirmed.*