## Ella E. Strain v. O. F. Walton, Administrator.

### No. 962.

**1. Vendor's Lien—Foreclosure—Judgment.**

A judgment and sale foreclosing a vendor's lien on land in an action to which one who had purchased the land while subject to the lien was not made a party, will not affect such purchaser's right, but will preserve the debt and lien, and the lien may be enforced against such purchaser in a subsequent action of title to which he or his estate is a party.

**2. Same—Assertion of Lien as Against an Estate.**

The holder of a vendor's lien note is not precluded from defensively asserting

the lien on the land as against the estate of one who purchased the land from the vendee while subject to the lien, because of the fact that the note was not presented as a claim against the estate of such subsequent vendee.

APPEAL from Kaufman.   Tried below before Hon. J. E. DILLARD.

*Cunningham & Terry,* for appellant.

*William H. Allen,* for appellee.

LIGHTFOOT, CHIEF JUSTICE.—The appellee has filed no brief in this court, and we adopt the statement of the case by appellant as correct:   August 23, 1893, appellee O. F. Walton, administrator of the estate of J. M. Powers, deceased, brought this suit in trespass to try title in the District Court of Kaufman County, Texas.

October 5, 1893, George Watson filed an original amended answer, claiming to be the owner and in legal possession of the land in controversy; that he had purchased the same in good faith from this appellant, Ella E. Strain, under warranty deed, had put improvements thereon, and prayed that he be made a party defendant and required to defend the title.

October 5, 1893, appellant Ella E. Strain filed her original answer, setting up that in November, 1886, one M. L. Denman and his wife sold the land in controversy to one Amanda Watson, receiving as part consideration therefor a promissory note for the sum of one hundred dollars, reserving an express lien in the deed for the purpose of securing the payment of said note; that appellant's husband afterward became the purchaser of said note from Denman; that appellant's husband died in 1891, and appellant became the legal owner and holder of said note; that on May 10, 1892, appellant brought suit upon said note against Amanda Watson in the District Court of Kaufman County and recovered judgment thereon, had the vendor's lien foreclosed, had the land sold to satisfy said judgment, and appellant became the purchaser, and sold to defendant Watson, who is now in possession.   Defendant further plead that in case the court should decide that the appellee and his intestate were not bound by the judgment rendered in appellant's favor at the May Term, 1892, then appellant plead that appellee, or his intestate, purchased the land from Amanda Watson with full notice of appellant's note; that the deed from Denman to Watson was on record at the time and contained a reservation of title to secure the payment of the note, and that said note was for $100, dated November 20, 1886, due November 20, 1887, and drew 10 per cent. interest from date, and that suit was instituted upon the same, and the judgment is still in full force and effect, except for the sum of $12, which was bid on the land at foreclosure sale, and asked that the same be set aside and held for naught, and, all parties at interest being before the court, that the land be decreed to be sold to satisfy the lien.   Appellant further plead that the deed from Amanda Watson under which plaintiff claims was obtained through fraud of

plaintiff's agent; that plaintiff had agreed to take up and pay off appellant's note as part consideration of the deed from the said Amanda Watson, and that plaintiff's agent at the time of acquiring the deed so represented to Amanda Watson, and obtained the deed from her through that representation, which was false, and that the said deed was obtained through fraud of appellee's agent, and that the same was a fraud upon appellant and ought to be set aside, and further prayed for all and any relief to which she might be entitled.

February 6, 1894, appellee Walton filed his first supplemental petition, containing general and special demurrers to both the answers of this appellant and defendant Watson, and further plead that whatever right or title the appellant had was founded solely upon a note of Amanda Watson to Denman, due November 15, 1887, and the same, when this suit was filed, and on May 10, 1892, when appellant sued Amanda Watson, was barred by the statute of limitation of four years, and that more than four years had elapsed since the maturity of said note; and appellee further plead that appellants claimed title by virtue of the vendor's lien note executed by the vendor of appellee, and that said note was barred when the suit was brought by this appellant; and appellee Walton further plead in said supplemental petition that he was acting as administrator of the estate of J. M. Powers, deceased, and that said estate was then open and pending in Kaufman County, and was prior to May 10, 1892, and that this appellant knew it, and that she had never presented to him her pretended vendor's lien note for acceptance and approval as a claim against the estate, nor was appellant made a party defendant in the suit of appellant against Watson in May, 1892, and when said suit was filed, appellee and his intestate had long prior thereto been in possession of the land sued for, and that the deed was on record January 12, 1892, in the records of Kaufman County, and that this appellant had notice thereof. March 10, 1894, judgment was rendered in favor of plaintiff for the land in controversy from which Mrs. Strain appeals.

The following are the facts: 1. November 20, 1886, M. L. Denman and wife sold the land in controversy by warranty deed to Amanda Watson for $300, paid and to be paid as follows—$100 cash, $100 by note due November 15, 1887, and $100 by note due November 15, 1888, the vendor's lien being retained in the face of the deed upon the land sold to secure the notes, both of which are described in the deed.

2. J. M. Powers became the owner of both of the above described vendor's lien notes, and for a valuable consideration sold one of them, being the one due November 15, 1887, to Dr. W. H. Strain, who subsequently died, and appellant, Ella E. Strain, became the legal and equitable owner and holder of said note.

3. November 11, 1891, Amanda Watson sold the land in controversy to said J. M. Powers by deed and as a part of the consideration for said land said Powers agreed with Amanda Watson to take up and pay off the above described note for $100 then owned by appellant Ella

E. Strain; said agreement was not expressed in the face of the deed, but it was clearly proven that it was a part of the consideration to be paid by Powers for the land.

4. January 2, 1892, said J. M. Powers died, and appellee O. F. Walton was appointed his administrator, and said Powers' estate was duly administered in the Probate Court.

5. May 10, 1892, said Ella E. Strain brought suit in the District Court of Kaufman County, Texas, against said Amanda Watson upon said note and to foreclose the vendor's lien on said land. Judgment was duly rendered in said cause in her favor, and the vendor's lien was foreclosed, and on August 2, 1892, the land was sold, and bought in by Mrs. Ella E. Strain, the amount of the purchase money, about $12, being credited upon said judgment. That afterward on September 19, 1892, Mrs. Strain deeded said land to Geo. W. Watson by deed with full warranty covenant, who went into possession of the premises under such purchase.

6. The reasonable rental value of the premises in controversy was $40 per year, and Geo. W. Watson, purchaser from Mrs. Strain, paid her therefor $190.

Under the sale from Denman to Mrs. Watson the former clearly reserved a vendor's lien on the face of the deed to secure the payment of the $100 note due November 15, 1887, and under such a sale the superior title remains with the vendor until the purchase money is paid.

J. M. Powers, having become the owner of both notes, sold one of them to Strain, and when he (Powers) bought the land from Mrs. Watson, agreeing as a part of the consideration to pay this outstanding note, he still did not secure the legal title, but took only such title as Mrs. Watson owned, which was the right to acquire the superior title by payment of the outstanding note in the hands of Mrs. Strain.

While it is true that when Mrs. Strain became the owner of the vendor's lien note, without at the same time taking a deed from the original grantor (Denman), she did not acquire the superior title, but only acquired a vendor's lien which must be foreclosed, and such foreclosure against Mrs. Amanda Watson without making the estate of Powers a party, did not affect the estate in so far as its rights in the land were concerned, yet such judgment did keep the debt alive, and did divest all right and interest which Amanda Watson had in the premises.

Under his purchase from Amanda Watson (which was less than two years before the cross-bill of appellant was filed), J. M. Powers had agreed, as a part of the consideration for his purchase, that he would pay off and satisfy the $100 note in the hands of appellant, Mrs. Ella E. Strain. This promise enured to the benefit of appellant, and Powers became bound for its performance. For a full discussion of the rights of vendors and vendees under executory contracts, see our opinion in White v. Cole, 29 S. W. Rep., 1148, and authorities there cited.

This suit was brought by the administrator of J. M. Powers, deceased, upon an equitable interest, the equity never having ripened into

a full legal title by the payment of the outstanding vendor's lien which was reserved in the original deed from Denman to Watson, and which Powers in his purchase agreed to liquidate. Appellant in her cross-bill is not seeking to establish a claim for money against the estate, but to interpose an equity in her defense by establishing her vendor's lien against the land. The probate law interposes no obstacles to this course. Solomon v. Skinner, 82 Texas, 345.

A party coming into a court of equity to assert a claim of an equitable nature, should come with clean hands, offering to do equity. A court of equity having before it the parties and the subject matter should render such a judgment as will do justice to all the parties before it. There is no complaint made of the judgment in favor of Watson against appellant Ella E. Strain, and that part of the case will not be considered. As to the other parties, the judgment is reversed, reformed, and here rendered in favor of appellant Ella E. Strain, that the amount of her judgment and interest, heretofore rendered in the District Court of Kaufman County against Amanda Watson be decreed to be a vendor's lien on the land in controversy, as against appellee, and that said lien be foreclosed as against the estate of J. M. Powers, deceased, upon the land, and that appellee have judgment for the recovery of said land with rents, as found by the court below, and costs of said suit, upon payment of said vendor's lien debt and interest within sixty days from this date, but in the event such payment is not made within sixty days, that said land be sold to satisfy such vendor's lien debt; and no execution or other process shall issue for the balance, if any, remaining after such sale; appellant to recover all costs of this court, the same to be certified to the County Court of Kaufman County for payment.

*Reversed, reformed and rendered.*

Delivered November 16, 1895.

Writ of error refused.