Emma Waschow et al., Appellants, v. John Waschow, Appellee.

1. VENDOR AND VENDEE—*what does not affect right of lien.* A vendor's lien will not be defeated because the complainant seeking the same has filed his claim against the estate of the party against whom the right of lien existed.

2. RES JUDICATA—*what essential to establish.* In order to constitute an estoppel by a former adjudication, the identity of the parties, subject-matter and the cause of action must co-exist.

3. RES JUDICATA—*when not established.* The adjudication of a claim in the court of probate is not *res judicata* as against the heirs at law of the decedent's estate.

Bill in chancery. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

H. ERNEST HUTTON, for appellants.

S. F. SCHECTER and J. B. MANN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is a bill in chancery to establish a vendor's lien upon a certain homestead in Vermilion county, Illinois,

owned by the widow and heirs of Herman John Waschow, deceased.

The bill prayed a lien for a debt which had been allowed in the County Court of the same county, and that a lien be decreed on the homestead of decedent. The bill states that various debts exist against the estate and states that defendant, administratrix, refused to apply to the proper court to sell the homestead to pay debts, and prayed that defendant, Emma Waschow, as administratrix, be required by the court to make application to sell such real estate and that the claim of appellee be declared a lien on such real estate.

John Waschow amended his bill in which he stated a balance was due him on the purchase price of the property in question; that a deed was made October 8, 1906, but not delivered until May, 1907, when decedent promised to borrow money on said realty to pay balance due; that complainant in said amended bill is entitled to a lien on said real estate for balance due on purchase price thereof; that defendants had occupied the same as a homestead since the date of the sale aforesaid and that defendant therein, Emma Waschow, is administratrix of said decedent.

Demurrer was overruled to the bill and defendants filed a plea of *res adjudicata,* which plea set forth that the claim for the amount alleged to be due was filed in the Probate Court and the claim allowed as a judgment against the estate of the seventh class. That after the claim was so placed in judgment in the Probate Court, appellee, in the Probate Court, entered a motion to amend the judgment to show that the claim was for balance of purchase price due on sale of real estate; that this motion was overruled by the court and that the action of the court thereon is final, and that the question cannot be re-opened in this proceeding.

There is no dispute of the facts in this case or what the evidence and records show, nor is there any question but what the proof fully sustains the allegations

of the bill, and the only defenses relied on are the plea of *res adjudicata* and that the complainant has an adequate remedy at law.

The appellee had the right to file his claim against the estate of deceased and have it prosecuted there to a judgment and have his judgment paid from the proceeds of the personal estate, if they were sufficient so to do, and the fact that he did so file his claim is no bar to the prosecution of any rights he may have in a court of equity to enforce a vendor's lien. A party is always at liberty to prosecute as many remedies as he may be entitled to to enforce the collection of his claim, but he can only have one satisfaction. In the prosecution of his claim to a judgment before the Probate Court, the only party necessary was the administratrix, and if there were sufficient funds to pay it from the personal estate, no other party need be brought into that court on a hearing of the cause.

The heirs of a decedent, who inherit his real estate, are not proper or necessary parties before a probate court, except on an application to sell the land of decedent to pay his debts and no application having been made for that purpose in that court, the heirs, who inherit his real estate, were never before that court for the purpose of adjudication of this claim; therefore, the plea of *res adjudicata* is not sustained by the proof.

In order to constitute an estoppel by a former adjudication, the identity of the parties, subject matter and the cause of action must co-exist. Markley v. The People, 171 Ill. 260.

The fact that appellee places his claim in judgment against the estate of deceased, does not bar him from prosecuting an action to maintain a lien for the amount of that judgment against that property, if the lien existed, and an action for the vendor's lien cannot be enforced at law—it is an equitable proceeding and resort must be had in a court of equity to enforce it. The two remedies are concurrent and appellee was at liberty to prosecute both at the same time if he saw fit.

Palmer v. Harris, 100 Ill. 276; Culver v. Elwell, 73 Ill. 536.

While a vendor's lien, as in this case, is a secret lien, no rights of third parties have intervened in any way. The heirs and widow of the deceased took this property subject to the vendor's lien, which was superior to all dower and homestead rights and the widow is, therefore, not a necessary party to this action.

The evidence in this case fully supports all the allegations of the complainant's bill. The decree of the Circuit Court was, therefore, proper and it is affirmed.

*Affirmed.*