Neff v. Alvin, 182 Ill. App. 41.

WILLIAM R. BROWN, for appellant.

No appearance for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ELECTION OF REMEDIES, § 13*—*when action not barred.* Plaintiff suing on contract for purchase price of goods does not waive right to sue for fraud practiced by defendant in inducing plaintiff to make the contract.

2. ELECTION OF REMEDIES, § 3*—*when doctrine is applicable.* Doctrine of election of remedies applies only when the remedies are inconsistent. Where coexistent remedies are consistent with each other plaintiff may adopt all or select one, and only a satisfaction of the claim in one case constitutes a bar in the other.

3. ELECTION OF REMEDIES, § 3*—*when remedies are consistent.* The remedy by action in tort for fraud and deceit in the purchase of goods is not inconsistent with the remedy by an action on the contract for the purchase price or the value of the goods.

4. JUDGMENT, § 680*—*pleading former adjudication.* Affidavit of merits setting up a defense of former adjudication is insufficient where it fails to state whether the former judgment was on the merits or whether it was satisfied.

5. APPEAL AND ERROR, § 1595*—*presumption as to proof of facts defectively pleaded.* The rule that after verdict and judgment it will be presumed that proof was made of facts defectively stated in the pleadings, not applicable where bill of exceptions affirmatively states that no evidence was introduced.

---

## George R. Neff, Defendant in Error, v. Forrest J. Alvin, Plaintiff in Error.

### Gen. No. 17,637.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

### Statement of the Case.

Action by George R. Neff against Forrest J. Alvin in attachment upon a claim for attorney's fees. From a judgment sustaining the attachment and awarding plaintiff seventy-five dollars, defendant brings error.

ERNEST SAUNDERS and FRANK A. RAMACITTI, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. ATTACHMENT, § 230*—*when defects in process, waived by general appearance.* Defendant in attachment by coming in to court and filing a motion that plaintiff be ordered to file statement of claim, waives all objections to process by publication.

2. ATTACHMENT, § 93*—*presumption, when no jurat to affidavit.* After attachment writ has issued, it will be presumed that affidavit was in fact sworn to, though not so certified by a *jurat.*

3. APPEAL AND ERROR, § 390*—*when objections for irregularities in attachment, not preserved.* Defects in attachment affidavit, attachment writ, and attachment bond *held* mere irregularities, for which objections come too late when first made in Appellate Court.

---

### The People of the State of Illinois, ex rel. G. Frank Lydston, Appellant, v. Maclay Hoyne, State's Attorney, Appellee.

### Gen. No. 17,736.

1. CORPORATIONS, § 181*—*place of holding corporate meetings.* A corporation organized not for profit under the laws of Illinois cannot lawfully hold its corporate meetings outside of the State.

. 2. CORPORATIONS, § 240*—*place of holding elections.* The election of directors or trustees of a corporation is a corporate act requiring the election to be held within the State which granted the charter.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.