## Charles L. Millhouse, Appellee, v. Herman H. Krotz, Appellant.

### Gen. No. 18,871.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

### Statement of the Case.

Action by Charles L. Millhouse, surviving partner of a copartnership formerly composed of Daniel McHenry and Charles L. Millhouse, on a stay bond to recover against defendant as surety thereon. From a judgment in favor of plaintiff in the sum of $689.29 as damages together with costs, defendant appeals.

The bond in this case was executed to stay execution on a judgment recovered in the Municipal Court

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number

in favor of the copartners against Alfred E. Croft upon an indebtedness due from Croft for a balance of the purchase price for certain shares of stock. This judgment was afterwards affirmed in *McHenry v. Croft,* 163 Ill. App. 426.

Robert D. Melick, for appellant.

Musgrave, Oppenheim & Lee, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1859*—*when surety on a stay bond estopped by terms of bond to claim satisfaction of judgment.* In an action against a surety on a stay bond, defendant is estopped to claim plaintiff's retention of certain promissory notes operated as a satisfaction of the judgment, where such retention took place before the execution of the bond.

2. Appeal and error, § 1877*—*defense to action on stay bond.* In an action on a stay bond, any defenses in the nature of payment or discharge of the judgment must be based upon facts arising after the execution of the bond.

3. Appeal and error, § 1884*—*evidence inadmissible in action on stay bond.* In action against surety on a stay bond, *held* not error to refuse to permit the defendant to introduce in evidence the transcript of the proceedings in the trial court and the opinion of the Appellate Court to show what facts had been adjudicated in the original suit.

4. Appeal and error, § 1859*—*when surety on stay bond estopped to deny validity of judgment.* Surety on a stay bond is estopped to deny that a valid judgment was in force at the time of the execution of the bond.

5. Election of remedies, § 5*—*when creditor has concurrent remedies.* The law is that a creditor holding collateral security may prosecute an action against the debtor and at the same time proceed to realize upon the security, and is entitled to follow both remedies until the debt is finally satisfied.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.