# F. D. Pickrel, Appellee, v. Hannah J. Doubet et al., Appellants.

## Gen. No. 7,595.

1. VENDOR AND PURCHASER—*acceptance of note for unpaid balance as affecting vendor's implied lien for purchase price.* The implied lien of a vendor of realty for the unpaid balance of the purchase price is not affected by the fact that he accepted a note for the said balance on terms different from those stated in the original contract of sale.

2. VENDOR AND PURCHASER—*suit upon note for unpaid balance as affecting right of vendor to enforce implied lien for purchase money.* The right of a vendor of realty to enforce his implied lien for the unpaid balance of the purchase money is not affected by the fact that he has theretofore brought suit against the vendee on a note for such balance, where the suit was dismissed following the death of the vendee.

3. VENDOR AND PURCHASER—*abortive arbitration agreement as affecting right of vendor to enforce implied lien for purchase money.* The right of the vendor of realty to enforce his implied lien for the unpaid balance of the purchase money is not affected by the fact that he has theretofore entered into an arbitration agreement with the vendee as to that matter and others in controversy between them, where such agreement was entered into and revoked without anything having been done thereunder prior to the enactment of Cahill's St. ch. 10, ¶ 3, and hence was revocable at any time before award.

4. VENDOR AND PURCHASER—*laches as bar to right of vendor to enforce implied lien for balance of purchase money against heirs of vendee.* The right of a vendor of realty to enforce his implied lien for the unpaid balance of the purchase price against the heirs at law of his vendee held not barred by laches.

5. VENDOR AND PURCHASER—*failure of vendor to present claim against estate of vendee for balance of purchase money as bar to enforcement of implied lien therefor against heirs.* The fact that a vendor of realty did not file a claim against the estate of his vendee for the amount of the unpaid purchase price or for the note of the vendee for such amount, does not affect his right to enforce such lien against the heirs at law of the vendee, notwithstanding the fact the land in question was inventoried as a part of the assets of the estate.

6. Vendor and purchaser—*assignability of vendor's implied lien for purchase money.* An implied vendor's lien is in general nonassignable and good only between the parties to the conveyance and their privies in estate.

7. Vendor and purchaser—*rank in priority of vendor's implied lien for balance of unpaid purchase price.* An implied vendor's lien is superior to the rights of all other persons except bona fide incumbrancers and purchasers without notice.

8. Reference—*sufficiency of affidavit in support of motion for re-reference on account of newly-discovered evidence.* It was not error to deny leave to defendants in a suit to enforce a vendor's lien against them as heirs at law of the vendee, to amend their answer and have the cause re-referred to the master to take additional proofs where the affidavit of counsel seeking such leave, while alleging that the new testimony sought to be developed, did not come to their knowledge until after the hearing before the master, did not show that they were not in possession of such information at all times during the pendency of the suit.

Appeal by defendants from the Circuit Court of Knox county; the Hon. George C. Hillyer, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed March 3, 1926.

Williams, Lawrence, Green & Gale and Riley E. Stevens, for appellants.

Marsh, Rice & Thompson, for appellee.

Mr. Presiding Justice Jones delivered the opinion of the court.

This is a proceeding to enforce a vendor's lien by F. D. Pickrel, appellee, against the appellants, who are the heirs at law of Stephen J. Doubet, deceased. Pickrel conveyed certain lands to Doubet in December, 1916, in consideration of the sum of $35,000. Doubet paid down $24,300 and gave his note to Pickrel for $10,700. This note was not executed and delivered until January 6, 1917. It was made payable March 1, 1917, with interest thereon at 6 per cent per annum after maturity. On March 3, 1917, Doubet paid appellant $8,700, leaving a balance due on the note of $2,000.

Prior to the execution of the deed the parties had

entered into a contract with respect to the sale of the land, Pickrel agreeing to convey it with a clear title in fee simple. When the deed was executed and delivered, it contained a provision making the conveyance subject to a roadway two rods wide. The deed was accepted by Doubet and placed on record by him. Sometime subsequent to the execution and delivery of the note, a controversy arose between the parties with reference to said provision in the deed and also with respect to other claims and disputes between them. An agreement to arbitrate these differences was entered into but was afterwards revoked and nothing was done thereunder. Appellee endeavored to collect the balance due on the note but Doubet refused to pay it and the note was placed in the hands of an attorney for collection, who brought suit on January 22, 1920. On February 3, 1920, Doubet died intestate, and the suit against him on the note was dismissed. His estate was administered on in the probate court of Knox county and final settlement made. Appellee did not file his note as a claim against said estate.

After the testimony had been concluded before the master in this case, appellants asked for leave to amend their answer and to have the cause again referred to the master to take additional proofs. The motion for such leave was supported by affidavits to the effect that appellee had told John H. Forquer and J. U. Welsh that he had entered into an agreement in the spring of 1917 with Doubet to perfect the title to the said roadway and that Doubet was to keep back a part of the purchase price until a perfect title to the roadway was conveyed to him. A further affidavit was filed by appellants' attorneys in which they stated that they had no knowledge of the agreement set forth in the affidavits of Forquer and Welsh until after the taking of testimony before the master had been closed. The court overruled the motion of appellants and its action is assigned as error.

It is the claim of appellants that appellee waived his lien for purchase money, if any existed, by his conduct in taking a note with terms different from those which were provided for in the original contract, by instituting a suit at law on the note, by entering into an arbitration agreement and by failing to enforce the lien within a reasonable time. The position of appellants is not well taken. It is true that the note for $10,700 contains different terms from those which were contemplated by the original contract but such fact does not affect the situation. The debt was for purchase money and it makes no difference that the instrument evidencing that debt was not executed at the time the deed was delivered, nor that its due date and the rate of interest varied somewhat from the requirements of the contract. By implication of law appellee had a vendor's lien to secure it. The situation was not affected by the bringing of the suit at law on the note. Appellee had a right to pursue all the remedies he had, provided they were consistent and concurrent remedies. (*Jackson v. Industrial Board,* 280 Ill. 526; *Bradner Smith & Co. v. Williams,* 178 Ill. 420.) A creditor holding security may prosecute an action against the debtor and at the same time proceed to realize on the security, and is entitled to follow both remedies until the debt is finally satisfied. (*Millhouse v. Krotz,* 184 Ill. App. 507; *Neff v. Alvin,* 182 Ill. App. 41; *Waschow v. Waschow,* 155 Ill. App. 167.) Nor do we think that submission to arbitration constitutes a waiver, where the arbitration agreement is revoked and nothing done under it. (*Paulsen v. Manske,* 126 Ill. 72, 80.) The arbitration agreement was entered into prior to the enactment of section 3, ch. 10, Illinois Revised Statutes [Cahill's St. ch. 10, ¶ 3] and could be revoked by either party at any time before an award was made. Under the circumstances of this case appellee was not guilty of laches in not enforcing his lien at an earlier date.

In *Schultz v. O'Hearn,* 319 Ill. 244, it is said: "The

length of time during which the party neglects the assertion of his rights, which must pass in order to show laches, varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule. It is an equitable defense controlled by established considerations, and the lapse of time must be so great and the relations of the defendant to the rights such that it would be inequitable to permit the plaintiff to now assert them.'' There is nothing in the record in this case which would justify the chancellor in concluding that it would be inequitable, because of the lapse of time, to permit appellee to assert his lien.

It is further contended by appellants that even if the lien was not waived it is barred because of the failure of appellee to file the note as a claim against the estate of Stephen J. Doubet within one year after letters of administration were issued. It is urged that a failure to file a claim against an estate within the statutory period bars the claim from participating in the inventoried assets of the estate; that the land in question was inventoried; that the lien existed only by reason of the debt and that so far as appellants' land is concerned (it having been inventoried), the debt has become barred and therefore the lien is barred. The question now arises whether, in order to enforce the lien, it was necessary for appellee to have presented his claim in probate? We think that such a course was unnecessary. By failing to file his claim in probate, he could not participate in a distribution of the general assets of the estate, but, if he chose to do it, he might look to the land for satisfaction of the debt. Suppose that during the year of administration he had filed this bill to enforce his lien and a hearing had been had within that time, could it be contended that his lien was barred because he had not filed a claim in probate? We surmise that no such contention would be made. Or, suppose he had filed this suit within the year and

the hearing was not had until after the expiration of
the year, would it be claimed that the lien was enforce-
able during the year but was barred immediately upon
its expiration? What difference can it make if the
hearing be had subsequent to the close of the adminis-
tration of the estate? We can see none.

A vendor who files and has allowed his claim for pur-
chase money against the estate of the deceased pur-
chaser does not lose his lien; and on the other hand
the failure of the holder of a vendor's lien upon land
to present his claim to the personal representative
within the time prescribed by statute does not destroy
the lien (39 Cyc. 1842).

We have been referred to the case of *Linthicum v.
Tapscott,* 28 Ark. 267, which holds that a claim secured
by a vendor's equitable lien requires presentation to
the personal representative. But it seems to us that
the weight of authority is that the lien is not destroyed
no matter whether it be a mere equitable lien or a lien
expressly reserved in the deed. (*Mahone v. Haddock,*
44 Ala. 92; *Boyd v. Jackson,* 82 Ind. 525; *Strain v. Wal-
ton,* 11 Tex. Civ. App. 624.)

So far as this case is concerned, we can see no reason
to distinguish between an implied vendor's lien and an
express lien reserved in a deed. If rights of innocent
third persons had intervened, a different situation
would present itself. An implied lien is the creature
of courts of equity (*Boynton v. Champlin,* 42 Ill. 57),
and rests upon the principle of natural justice, that one
who gets possession of the estate of another ought not,
in conscience, be allowed to keep it without paying the
consideration. (*Koch v. Roth,* 150 Ill. 212.) An im-
plied vendor's lien is generally nonassignable and is
good only between the parties to the conveyance and
their prives in estate. It has been held that if a person
purchases land with knowledge of the fact that his ven-
dor is still owing a portion of the purchase money
thereof, the land will be subjected to the vendor's lien

in favor of the first vendor, in the hands of such purchaser with notice. (*Harshbarger v. Foreman*, 81 Ill. 364; *Koch v. Roth, supra*.)

An implied vendor's lien is superior to the rights of all other persons except bona fide incumbrancers and purchasers without notice. In this case there is no one in the excepted class. This suit is against the heirs of the vendee. They succeeded to his rights and acquired no greater interest in the land than he had. His interest was subject to the implied lien of the vendor. His heirs acquired nothing more. (39 Cyc. 1815.)

It has been held that mortgages and deeds of trust can be enforced against the land without reference to the filing of a claim in probate against the estate of the deceased. (*Kittredge v. Nicholes*, 162 Ill. 410.) We are of the opinion that neither the debt nor the lien was barred by the failure to file a claim against Doubet's estate.

We think the court did not commit any error in refusing to grant leave to appellants to amend their answer and to re-refer the cause to the master. It cannot be ascertained from anything contained in the affidavits of Forquer and Welsh that the alleged admissions of appellee did not pertain to the contract as contained in the so-called arbitration agreement. The said arbitration agreement bears no date, but it is conceded that it was executed and revoked prior to the amendment of section 3 of chapter 10 of Illinois Revised Statutes, which amendment became effective July 1, 1919. The alleged admissions are said to have been made in the spring of 1917 and if it be contended that they were made prior to the execution of the arbitration agreement, the reply is, that if such is the case the agreement to which they referred became merged in the arbitration agreement, and was revoked prior to July 1, 1919. Moreover, the affidavit of counsel for appellants, which states that they were not aware of the alleged admissions until after the close of the testi-

mony before the master, is insufficient because it furnishes no proof that the appellants were not in possession of such information at all times during the pendency of the suit. Whether or not an amendment to an answer should be allowed at the stage of the proceeding in which the amendment in this case was proposed is a matter within the discretion of the chancellor, and the situation here presented did not warrant the chancellor in allowing the amendment.

There is no substantial error in this case and the decree is affirmed.

*Decree affirmed.*