216     APPELLATE COURTS OF ILLINOIS.

The Straus Bros. Company v. Rush et al., 241 Ill. App. 216.

MATCHETT, P. J., and McSURELY, J., concur.

---

## The Straus Brothers Company, Appellant, v. Harry L. Rush et al., Appellees.

### Gen. No. 7,462.

1. ESTATES OF DECEDENTS—*statutory bar against claims not presented or sued upon within year after letters issued.* Where there are sufficient personal assets to pay the claims allowed against an estate, all demands which are not presented or sued upon within one year from the date of letters testamentary or of administration are forever barred from participating in the administrator's distribution of assets, except those which have not been inventoried.

2. ESTATES OF DECEDENTS—*right of action against heir or devisee. upon contingent claim not presented or sued upon during year following issuance of letters.* Where a claim against an estate remains contingent during the one-year period following the date of the issuance of letters testamentary or of administration, the bar of the statute against its enforcement thereafter is not absolute, and an action thereon will lie against the heir or devisee to the extent of the value of the lands descended from the ancestor or devisee.

3. ESTATES OF DECEDENTS—*noncontingent character of obligation of mortgage notes where mortgagor dies prior to their maturity.* Where a mortgagor died prior to the maturity of the mortgage notes, the obligation thereof was not contingent during the period

of administration, although the mortgage provided for acceleration of their maturity in the event of the nonpayment of interest.

4.   ESTATES OF DECEDENTS—*liability of heirs and devisees for obligations of decedent where personal estate insufficient.* Under Cahill's St. ch. 59, ¶¶ 11-15, there is imposed upon the heirs and devisees of a decedent a positive liability for all the debts, claims and demands of the ancestor or devisor, to the extent of the real estate received by them, whenever there is insufficient personal assets for the payment of such obligations.

5.   ESTATES OF DECEDENTS—*failure of creditor to assert claim against estate within period of administration as precluding subsequent action against heirs or devisees, where personal estate insufficient to pay obligations.* Cahill's St. ch. 3, ¶ 71, limiting the time within which claimants against the estate of a decedent must act to enforce their claims in order to share in the administrator's distribution of the assets, is not a general limitation upon the rights of creditors against the property of the decedent, and does not limit or affect the right of a creditor, under Cahill's St. ch. 59, ¶¶ 11-15, to enforce his claim against the heirs and devisees of such decedent in the event of an insufficiency of personalty to pay debts.

Appeal by plaintiff from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1926. Reversed and remanded with directions. Opinion filed April 5, 1926. Rehearing denied July 5, 1926.

REARICK & MEEKS and PALLISSARD & BENJAMIN, for appellant.

STEPHEN C. MALO and ROSCOE C. SOUTH, for appellees; FREE P. MORRIS, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

The Straus Brothers Company, appellant, brought an action of debt against appellees, the administratrix and heirs at law of Martin J. Rush, deceased. The amended declaration charges that the appellant is the holder and owner of certain notes signed by Martin J. Rush for the principal sum of $42,800 upon which there is due a large amount of accrued interest; that said notes are secured by a mortgage upon 295½ acres of land in Indiana; that the notes are purchase money

notes; that Rush died intestate prior to the maturity of any of them; that at the time of his death he was seized and possessed of real estate both in Illinois and Indiana; that the same descended to his said heirs; that they failed to pay the interest as it accrued; that the mortgage contained an acceleration clause by virtue of which appellant has elected to declare the amount, both principal and interest, due and payable; that the personal assets of said estate were insufficient to pay the claims allowed against it; and that by force of the statute the heirs of said Rush became and are liable to plaintiff to the full extent of the value of the real estate which descended to them from their ancestor.

The pleas aver that Minnie Rush was appointed administratrix of said estate on August 22, 1922; that she gave notice of adjustment day as provided by law; that an inventory of all the real and personal estate of said deceased was filed and approved on October 21, 1922; that this suit was not commenced until October 15, 1923, being more than one year after the date letters of administration were granted; that the claim now sued on was not filed against said estate; that it is not contingent and that by reason of the statute is absolutely and forever barred.

Sections 60, 61, chap. 3, of the Revised Statutes [Cahill's St. ch. 3, ¶¶ 61, 62], known as the Administration Act, provide a method for the presentation of claims against estates. Section 70 of said Act [Cahill's St. ch. 3, ¶ 71] provides that all demands not so exhibited within one year shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid pro rata out of such subsequently discovered estate.

Demurrers were interposed to each of such pleas and were overruled because of the limitation provision of the Administration Act. Plaintiff elected to stand

by its demurrers.  Judgment was entered in bar of the action and this appeal followed.

Appellant contends that the limitation provision of the Administration Act is not applicable to this case, and that a recovery is authorized under sections 11-15, inclusive, of chapter 59, known as the Statute of Frauds.  [Cahill's St. ch. 59, ¶¶ 11-15.]  It takes the position that where there is a deficiency of personal assets with which to pay the claims allowed against an estate, a creditor, who has not filed a claim within one year after letters of administration have been granted, may nevertheless recover his demand from the heirs or devisees to the extent of the value of the lands received by them from their ancestor or devisor.

It is well settled that where there are sufficient personal assets to pay the claims allowed against an estate, all demands which are not sued on or presented for allowance within one year from the date of letters testamentary or of administration are forever barred from participating in the administrator's distribution of assets, except those which have not been inventoried.  But it is conceded that where a claim has remained contingent for that period of time, the bar is not absolute, but an action will lie against the heir or devisee to the extent of the value of the lands descended from the ancestor or devisor.

The claim sued on in this case was not contingent although the maturity of the notes was accelerated because of the nonpayment of interest.  But even without such acceleration, they could have been filed as a claim against the estate under the provisions of section 67 of the Administration Act [Cahill's St. ch. 3, ¶ 68], which provides that any creditor, whose debt or claim against the estate is not due, may, nevertheless, present the same in probate and have it allowed subject to a proper rebate of interest.  A decision of the question presented in this case involves a study and construction of the above-mentioned sections of

the Statute of Frauds. At common law only the personal property of a decedent was liable for the payment of his debts. His real estate was entirely exempt. It descended to his heirs, while the title to his personal property went to the administrator and upon him was devolved the duty of paying the debts of the decedent; but the ancestor might, by a specialty, bind the heir to the payment of a debt by expressly so declaring in the deed, and the heir was then bound to the extent of the land which had descended to him. However, if the land was devised, such devise defeated the creditor, as his remedy was against the heir only and not against the devisee. This incongruous situation led to the enactment of the statutes of 3 & 4 Wm. & Mary, ch. 14, which contained the following preamble:

"An Act for relief of creditors against fraudulent devisees."

"Whereas it is not reasonable or just that by the practice or contrivance of any debtors their creditors should be defrauded of their just debts; and nevertheless it hath often so happened that where several persons having by bonds or other specialties bound themselves and their heirs, and have afterwards died seized in fee-simple of and in manors, messuages, lands, tenements and hereditaments, or had power or authority to dispose of or charge the same by their wills or testaments, have to the defrauding of such their creditors, by their last wills or testaments devised the same, or disposed thereof in such manner as such creditors have lost their said debts; for remedying of which, and for the maintenance of just and upright dealing," etc. Important English Statutes, page 103, 3rd Ed.

This statute enlarged the former statutes by making the devisee liable upon a specialty to the same extent as the heir had formerly been. The English enactment has found its way into our statutes and it is provided by section 11 of the Statute of Frauds that:

"Any person  *  *  *  who shall die intestate may have the same actions against the executors, administrators, heirs and devisees as were formerly maintainable against executors and administrators upon bonds, specialties, etc."

In addition to this virtual re-enactment of the English statute, the legislature of this State also enacted four other sections increasing the liability of an heir or devisee with respect to lands descended from the ancestor or devisor. As above stated, section 11 relates to suits upon the ancestor's specialties and does not apply to his debts generally, but section 12 relates to all classes and kinds of obligations, and if the personal property be insufficient to discharge the just demands against the ancestor's or devisor's estate, it imposes a liability upon both heir and devisee to the full extent of the value of the lands, tenements, hereditaments, rents and profits received by him, as if the same were his own proper debts, saving and excepting that if such lands, tenements and profits have been by him bona fide aliened, before action brought, the same shall not be subject to execution. It will thus be seen that the liability of heirs for the debts of the ancestor to the extent of the property descended to them has been thoroughly established both by the common law of England and by legislative enactment in this State.

The doctrine laid down in the preamble of 3 & 4 Wm. & Mary has often been approved by our courts and it is manifestly unjust for an heir to enjoy the accumulations of his ancestor, without the same being subject to the payment of his indebtedness.

Section 13 provides that even if the heir or devisee has aliened the land so descended, judgment may be had against him personally for an amount not to exceed the value of the lands aliened. By section 14 it is provided that the heir and devisee shall be liable in a separate suit where they have received property through the decedent and where a judgment has been

obtained against an executor or an administrator and there is not sufficient property in the hands of either to pay the judgment. And by section 15 it is provided that if no administration is had upon the estate of the decedent for a space of one year after his death, then a direct action may be maintained against the heirs and devisees on all the contracts and undertakings of the deceased.

The legislature of this State, through the provisions of the above-mentioned sections of the Statute of Frauds, has fixed and imposed a positive liability on the heir and devisee for all the debts, claims and demands of the ancestor or devisor, to the extent of the real estate received by them, whenever there is insufficient personal assets for the payment of such debts and demands. A very profound discussion of the history and import of these statutory enactments was made by Mr. Justice Scholfield in the case of *People v. Brooks,* 123 Ill. 246.

But it is insisted by counsel for appellee that notwithstanding the apparent purpose of the legislature, nevertheless, the remedies against heirs and devisees, as provided by the Statute of Frauds, are hedged about by the limitation contained in section 70 of the Administration Act. Let us examine that section in the light of the decided cases. The provision barring claims, which have not been filed or sued upon within the prescribed time, is not a general limitation upon all remedies of a creditor against the property of a deceased person. It is merely a limitation upon the right to participate in the distribution to be made by an administrator or executor. But can it be said that the limitation affects other remedies of the creditors, or that the said sections of the Statute of Frauds constitute no additional or cumulative remedy? The statute fixing the time for filing a claim is not a general statute, but is a specific act adopted for the purpose of facilitating an early settlement of estates, and

the failure to file a claim within the statutory period merely bars the claimant from participating in the inventoried assets of the estate when distributed by the administrator. (*Wingate v. Pool,* 25 Ill. 118; *Waughop v. Bartlett,* 165 Ill. 124; *Union Trust Co. v. Shoemaker,* 258 Ill. 564.) It is the policy of the law to speedily close the administration of estates. This policy is based not alone upon the advantages it gives to an heir or devisee, but upon the advantages afforded to creditors and third persons who may desire to deal in the assets of the estate. The provisions of the Statute of Frauds do not materially militate against this policy, for, if there is sufficient personal assets to pay the debts, the land which descends to the heir or devisee cannot be subjected to the payment of a claim not filed within the period prescribed by the Administration Act; or if there is not sufficient personal assets to pay the debts and the heir has aliened the lands descended to him, the purchaser will not be disturbed and have his land sold upon execution.

Appellees rely upon *Roberts v. Flatt,* 142 Ill. 485, and claim the case holds that if the owner of notes secured by a real estate mortgage desires to have recourse upon any property belonging to the estate of a deceased person, which is not included in the mortgage, he must file his claim or bring suit on the notes within one year or be forever barred from obtaining satisfaction from any property not specifically pledged in the mortgage. We do not so interpret the case. The facts were that Flatt gave a mortgage on certain real estate to Morfoot. Flatt died and letters of administration were issued. Morfoot obtained a decree in the circuit court for foreclosure and sale of the mortgaged premises. The sale did not realize the full amount of the debt but left a considerable deficiency. No deficiency judgment was entered in the circuit court and no claim was filed by Morfoot in the probate court. Nevertheless, Roberts, the administrator, filed

a petition in the probate court to sell other real estate to pay debts, including the deficiency due Morfoot. The Supreme Court held that in order to authorize a decree to sell real estate to pay this debt by the administrator, the claim must have been presented within the time limit in accordance with the law in relation to the administration of estates. The fact that the foreclosure proceedings in the circuit court disclosed a deficiency and that the administrator knew of its existence did not answer the requirement of the statute that all claims must be exhibited to the court within a specified time after the granting of letters of administration. And it was further held that if Morfoot had in apt time obtained a deficiency decree in the circuit court, it would have been tantamount to the presentation of a claim as required by the Administration Act. The question involved in the *Roberts* case concerned the right of an administrator under the circumstances to petition for the sale of real estate to pay debts, and the provisions of the Statute of Frauds was not even incidentally involved.

*Waughop v. Bartlett,* 165 Ill. 124, is also cited by counsel for appellee. The Supreme Court was not called upon in that case to define the effect of the provisions of the Statute of Frauds or to determine their application. Ellen Waughop, in her lifetime, had executed certain notes and a mortgage. Her estate was being administered upon. Sometime after the lapse of two years from the date letters testamentary were issued, a bill was filed in the circuit court to foreclose the mortgage. The executor interposed the provisions of section 70 of the Administration Act as a defense. The Supreme Court again held that the said section was merely a specific act, to facilitate the administration of estates, and that it was not a general statute of limitations affecting the rights of a mortgagee in the mortgaged premises. What is said by the court in regard to the bar of the statute has

reference only to the distribution of the assets of an estate by an administrator or executor under the Administration Act, and has no relation whatever to the rights of mortgagees or to the rights of creditors, under the Statute of Frauds. We held in *Pickrel v. Doubet*, 239 Ill. App. 553, that the holder of an implied vendor's lien may have his action against an heir, where the decedent's estate had insufficient personal assets to pay the debts, and that it was not necessary to file the claim with the administrator. A creditor often has an election of remedies and it does not follow, because the claim may not be permitted to share in the distribution by the administrator, that the holder is' barred from pursuing his other remedies. (*Union Trust Co. v. Shoemaker, supra.*) Such statutes as the limitation provision of the Administration Act operate only upon the remedy. (*Suppiger v. Gruaz*, 137 Ill. 216, 222.) Hence, it follows, that in enforcing a demand against an estate under the Administration Act, a claim must be filed within the period fixed by that Act, in order for it to participate in the inventoried assets when distributed by the administrator; and it also follows that the limitation of that Act affects only the remedies furnished by it and does not in any way affect the remedies furnished by other acts.

In the *Snydacker* case, on page 225, the Supreme Court quoted at length from *Payson v. Hadduck*, 8 Biss. [U. S.] 293, and on page 226 said: "At common law the heir was not liable for the debts of the ancestor except upon covenants or bonds under seal, where the heir was specially named, and in those cases only to the extent of the real estate, because he only received real estate by descent." And our Supreme Court added "that in such suit the bar of the statute of two years is held not to apply in actions against the heir."

It has been frequently held that a demand, which

remains contingent during the period allowed by law for filing claims, may be recovered in a suit against an heir or devisee and that the provision of section 70 of the Administration Act is not a bar and has no application to such proceedings. (*Dugger v. Oglesby,* 99 Ill. 410; *Suppiger v. Gruaz, supra; Snydacker v. Swan Land & Cattle Co.,* 154 Ill. 220.) Suits of the character just mentioned are generally upon a specialty such as a bond or covenant and, if so, are brought under section 11 of the Statute of Frauds. It does not seem logical to hold that section 70 does not apply to suits brought under section 11 of the Statute of Frauds, but does apply to those brought under section 12, as this suit was.

The first case which squarely presented the questions here involved to the Supreme Court of this State is *Ryan v. Jones,* 15 Ill. 1. The action was in debt and was brought by Ryan against John T. Jones, as executor and devisee of Michael Jones, upon certain promissory notes. The case called for a determination of the very question which is brought before us in this case. It was there contended that the two years' limitation for filing claims, as provided by the Administration Act then in force, constituted a bar to a suit brought under the said sections of the Statute of Frauds. The court construed the latter act in connection with the provisions of the Administration Act, and said: "The statute (Statute of Frauds) was passed to enable the creditor of a deceased person to reach the lands in the hands of the heir or devisee, where the personal estate is not sufficient for the payment of the debts. Every devise of real estate is made fraudulent and void against the existing creditors of the devisor. It is fraudulent in law without regard to the question of intention. The devisee has no just claim to the lands, unless the debts of the testator are fully discharged. Nor has the heir any superior right to the lands of his ancestor. They both acquire the lands subject to

SECOND DISTRICT—APRIL, 1926.        227

The Straus Bros. Company v. Rush et al., 241 Ill. App. 216.

the payment of the debts of the former owner.  *  *  *
If the creditor cannot obtain satisfaction of his debt
from the personal estate, he may resort to the real
estate in the hands of the heirs or devisees and in the
case of bona fide alienation of the same before suit
brought, he may charge them personally with its
value.'' The court held that the limitation of the Ad-
ministration Act applied to creditors seeking a re-
covery from an administrator out of the assets of the
decedent, but that it has no application to a suit
brought against an heir under the Statute of Frauds.
On page 5 of the opinion the court said: ''In joint
actions under the statute, the executor or administra-
tor may insist on this limitation of two years;  *  *  *.
But heirs and devisees cannot rely upon this limita-
tion.'' That case constitutes the foundation stone of
a long line of decisions in perfect harmony with the
principles which it announces. (*Guy v. Gericks,* 85
Ill. 429; *Hoffman v. Wilding,* 85 Ill. 453; *Mackin v.
Haven,* 187 Ill. 480; *Monroe v. Becker,* 283 Ill. 42;
*Union Trust Co. v. Shoemaker, supra.*) And it forms
the text in Horner's Probate Law (2nd ed.), p. 401.

In *People v. Brooks, supra,* the doctrine that the
Statute of Frauds offers additional and cumulative
remedies and that suits brought thereunder are af-
fected only by the general statute of limitations and
not by the specific limitation of the Administration
Act is fully upheld. A recovery in that case was, how-
ever, denied only because it appeared that there was
no deficiency of personal assets to pay the debts of the
decedent. The heir had received from the adminis-
trator $300,000 of personal assets on final distribution.
*Union Trust Co. v. Shoemaker, supra,* also upholds
the doctrine and the court said that the remedies given
by the Statute of Frauds to creditors against the heirs
and devisees of deceased persons are cumulative and
are not intended to take away or limit the remedies
theretofore existing. The case recognizes the exist-

ence of a remedy to a creditor against an heir, under certain circumstances, beyond anything given by the Statute of Frauds. It will be observed that the statute does not give to a creditor any recourse to personal property which has descended to the heir or devisee, but such recourse is limited to the value of the real estate descended. However, in the case last cited, it is held that where a claim is contingent during the whole period of administration, resort may be had to equity to obtain collection from an heir out of personal assets he has received from the administrator. The recovery is allowed upon the established doctrine of equity that creditors who have not been guilty of laches may pursue the assets of the decedent into the hands of the distributees, where distribution has been made without discharging the debts, and it is said that: "Although no action at law lies, or ever did lie, against distributees of personal property * * * the ancient remedy by a bill in equity * * * still continues."

The remedies afforded by the Statute of Frauds are not affected by the provisions of section 70 of the Administration Act, but the general statute of limitations alone applies to suits brought under sections 11 and 12 of the Statute of Frauds.

It is our opinion that the demurrers to the defendant's pleas should have been sustained, and this cause is therefore reversed and remanded with directions to the trial court to set aside the judgment herein and the order overruling the demurrer to the defendant's pleas, to sustain said demurrers and to permit such further proceedings as may be in conformity with the views we have expressed.

*Reversed and remanded with directions.*