Carrie Sausman, Plaintiff-Appellant, v. Hazel Barnes, Harry Barnes, May C. Kreger and Everett F. Barnes, Defendants-Appellees.

Gen. No. 10,647.

Opinion filed January 29, 1953. Rehearing denied April 8, 1953. Released for publication April 8, 1953.

WARNER & WARNER, of Dixon, for appellant; HENRY C. WARNER, and GEORGE F. NICHOLS, both of Dixon, of counsel.

DIXON, BALES & GUNNER, of Dixon, for appellees; JOHN DIXON, of Dixon, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

George Barnes a resident of Lee county, Illinois, died on January 29, 1946, leaving a Last Will and Tes-

tament which was admitted to probate on January 31, 1946. By his will he devised his estate in equal parts to his five children. Several claims against the estate were filed and allowed within the statutory period of nine months, to be paid in the due course of administration. Carrie Sausman, a daughter, and also a legatee under the will of George Barnes, filed a claim against the estate for services rendered her father. This claim was allowed on the 7th day of March 1948, in the sum of $1,000 and a judgment entered on the same.

There was not enough personal property in the estate of George Barnes, deceased, to pay all of the claims against the estate and costs of administration. A petition was filed to sell real estate to pay debts. The real estate was sold for the sum of $9,440. Part of this money was used to pay legacies and costs of administration, etc., and enough then remained in the hands of the executor to pay each of the legatees the sum of $1,045.18. The judgment that Carrie Sausman had obtained against the estate has not been paid.

Carrie Sausman filed a suit in the circuit court of Lee county against Hazel Barnes, Harry Barnes, May C. Kreger and Everett F. Barnes, her brothers and sisters, seeking to recover from them the proportionate amount from each, that they had been paid from the sale of the real estate to pay debts under their father's will. The complaint alleged that each of the defendants had received a legacy of $1,045.18 from their father's estate, and under the law they were liable to contribute their proportionate share to pay the judgment that Carrie Sausman had obtained in the county court against the estate. The complaint alleged the procurement of the judgment, and that the same was unsatisfied.

The defendants, Hazel Barnes and Everett F. Barnes filed a motion to dismiss the complaint, which

16

is in the following language: "1. To dismiss the above entitled action for the reason that the cause of action alleged in the amended complaint did not accrue within the time limited for commencing an action thereon, to-wit: The amended complaint alleges that the plaintiff filed a claim against the estate of George W. Barnes, deceased, more than nine months after the issuance of letters testamentary; that her claim was allowed against the executor, does not allege that said claim was evidenced by any written agreement; and alleges that the said George W. Barnes died on or about January 29, 1946, more than five years prior to the filing of the complaint herein.

"2. To dismiss the above entitled action for the reason that the amended complaint is substantially insufficient in law, to-wit: The plaintiff seeks to recover under the provisions of Ill. Rev. Stat., Ch. 59, and fails to allege the facts upon which the claim is founded; and further fails to allege that the defendants, or any of them, have any lands devised to them by the said George W. Barnes, deceased, or the rents or profits arising out of the same; and further fails to allege that the defendants, or any of them, have sold, aliened or otherwise disposed of any lands so devised to them or the rents and profits thereof."

There is no dispute in regard to the facts in the case; namely, that Carrie Sausman did procure a judgment against her father's estate for services that she had rendered him during his lifetime. The claim for services that she heretofore filed is now merged in a judgment, and it is on this judgment that the suit is based.

██ The question is raised whether the proceeds from the sale of this land are to be treated as real or personal property. The same question was presented to the Supreme Court in the case of *Lewis v. Hill*, 387 Ill. 542, at page 547 and the court uses the following

language: "Where land is sold by an order of court for any purpose, it is a fixed principle upon which the court always proceeds that the character of the property shall be changed only so far as may be necessary to accomplish the particular purpose. (Pomeroy's Equity Jurisprudence, vol. 3, p. 1167; Story's Equity, vol. 2, p. 1101; Smith v. Smith, 174 Ill. 52.) In partition proceedings where the real estate is sold because not susceptible of division, the proceeds of the sale are impressed with the character of the real estate and divided among the parties according to their respective interests in the land. (Gradler v. Johnson, 372 Ill. 137.) The conversion of real into personal property or personal into real property, under a power in a will, takes place only for the purposes for which it is authorized. Where these purposes fail or do not take effect in fact or in law, the property is considered as remaining in its former condition. Where an executor sells real estate of the testator for the payment of debts, the conversion of realty into personalty is completed to all intents and purposes only to the extent to which the purchase money is required for the particular objects for which the sale takes place, and the excess, though in the form of money, remains impressed with the character of real estate for the purpose of determining who is entitled to receive it."

██ The money received by the legatees under the will for the purpose of this suit should be treated as being real estate and not personal property. It will be observed that the motion to strike the complaint is based nearly wholly upon the statute of limitations, and because the claim as originally filed was more than five years before the suit was started in this case. If the plaintiff was basing her suit upon the original claim, there might be some merit in this contention, but that is not the purpose of this suit. This suit is to enforce contribution from the other legatees and dev-

isees under their father's will to contribute their proportionate share to pay the judgment that she has procured against the estate.

In the early case of *Ryan v. Jones,* 15 Ill. at page 1, the same question was presented to our Supreme Court and there we find the following: "The devisee has no just claim to the lands, until the debts of the testator are fully discharged. Nor has the heir any superior right to the lands of his ancestor. They both acquire the lands subject to the payment of the debts of the former owner. They are only entitled to the surplus that may remain after those debts are discharged. If the creditor can not obtain satisfaction of his debt from the personal estate, he may resort to the real estate in the hands of the heirs or devisees; and in the case of a bona fide alienation of the same before suit brought, he may charge them personally with its value." This case has been cited with approval many times. This court in the case of *Straus Bros. v. Rush,* 241 Ill. App. 216, had occasion to review many cases in which the same question was presented as is presented here, and we follow the rule as laid down in *Ryan v. Jones, supra.* To the same effect is *Trustees of Danvers Literary & Library Ass'n v. Skaggs,* 280 Ill. App. 125, also *First National Bank of Chicago v. Mc-Carthy,* 334 Ill. App. 480, 493.

It is our conclusion that the complaint stated a good cause of action and the trial court erred in sustaining the motion to dismiss and in dismissing plaintiff's complaint. The judgment of the trial court is hereby reversed and the cause remanded.

*Judgment reversed and remanded.*